**BRYAN CAVE LEIGHTON PAISNER LLP**
DANIEL T. ROCKEY (SBN 178604)
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Email: daniel.rockey@BCLPLaw.com
Telephone: (415) 675-3400
Facsimile: (415) 675-3434

Attorneys for Defendant
NEIGHBORHOOD HEALTHCARE

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NEIGHBORHOOD HEALTHCARE; HEALTH CENTER PARTNERS OF SOUTHERN CALIFORNIA; NETGAIN TECHNOLOGY, LLC; and DOE DEFENDANTS 1-100,<br><br>Defendants. | Case No. **'21CV1587 BEN RBB**<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331, 1442, 2679(d) AND 42 U.S.C. § 233(l)(2)**<br><br>**[FEDERAL QUESTION JURISDICTION/FEDERAL DEFENDANT]**<br><br>Superior Court Case No.: 37-2021-00023936-CU-BT-CTL<br>Complaint Filed: June 8, 2021<br>Trial Date: None Set |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1442, 2679(d), and 42 U.S.C. § 233(l)(2), and on the grounds set forth below, Defendant Neighborhood Healthcare ("Neighborhood") hereby removes the above-captioned action, styled *Jane Doe, individually and on behalf of all others similarly situated v. Neighborhood Healthcare; Health Center Partners of Southern California; Netgain Technology, LLC; and Doe Defendants 1-100*, Case No. 37-2021-

1
NOTICE OF REMOVAL OF ACTION

00023936-CU-BT-CTL, from the Superior Court of the State of California for the County of San Diego to this Court. Neighborhood states the following in support of this Notice of Removal.

## I. BACKGROUND

1. On June 8, 2021, Plaintiff Jane Doe ("Plaintiff") commenced the above-referenced action in the Superior Court of the State of California for the County of San Diego (the "Superior Court") by filing a Complaint ("Complaint") against Removing Defendant Neighborhood and co-defendants Health Center Partners of Southern California (HCP), Netgain Technology, LLC (Netgain), and Doe Defendants 1-100 (the "State Court Action"). On September 8, 2021, Plaintiff filed a First Amended Class Action Complaint For Damages, Restitution, And Injunctive Relief For Violations Of: (1) The Confidentiality Of Medical Information Act, Civil Code §§ 56, Et Seq.; (2) Breach Of California Security Notification Laws, California Civil Code § 1798.82; And (3) Business And Professions Code §§ 17200, *et seq.* against the same three defendants ("FAC"). A copy of all process, pleadings, orders, and other documents currently on file in the state court, including the FAC (collectively, the "State Court File") is attached hereto as Exhibit 1.

2. Neighborhood is a non-profit benefit corporation and community health center that provides medical, dental, and behavioral health services to underserved communities in and around Escondido, California, where it is located. Pursuant to § 330 of the Public Health Service Act (codified at 42 U.S.C. § 254b *et seq.*), Neighborhood is a "health center" that serves medically underserved communities, a federal grant recipient (Grant No. H80CS00285), and a "deemed entity" pursuant to 42 U.S.C. § 233(g). A copy of the "Deeming Notice" issued by the Health Resources and Services Administration ("HRSA") is attached as Exhibit 2 ("Deeming Notice").

3. At all times relevant to the allegations of the Complaint, including the period January 1, 2020 through December 31, 2020, the Secretary of the U.S. Department of Health and Human Services ("HHS") deemed Neighborhood and its officers, governing board members, employees,

and contractors as U.S. Public Health Service ("PHS") "employees" under 42 U.S.C. § 233(a). Ex. 2. "Deeming" status under 42 U.S.C. § 233(a) and § 233(g) provides the deemed entity with absolute immunity from any civil action or proceeding concerning the provision of medical, surgical, dental, or "related functions."

4. As explained more fully below, the immunity from suit provided by § 233(a) and § 233(g) "deeming" applies to the State Court Action. Plaintiff Doe, a patient of Neighborhood Healthcare, alleges that Neighborhood failed to ensure the confidentiality of her electronic patient medical records, as required by Civil Code § 56.10 and § 56.101 of the Confidentiality of Medical Information Act ("CMIA"). *See* Ex. 1. As reflected in Plaintiff's FAC, Plaintiff seeks damages and injunctive relief arising from a December 2020 ransomware attack against Netgain, Neighborhood's former data hosting provider, which allegedly resulted in the unauthorized disclosure of Plaintiff Doe's electronic patient medical records maintained by Neighborhood. *See* Ex. 1, FAC, at ¶¶ 10 - 13, Ex. B (Neighborhood notice letter).

## II. VENUE

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1446 as the United States District Court for the Southern District of California embraces the state court in the County of San Diego, California, in which Plaintiff filed her state court action.

## III. FEDERAL QUESTION JURISDICTION

6. Federal district courts have subject-matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1. A suit filed in state court may be removed to federal court. 28 U.S.C. § 1441(a) where the District Court would have original jurisdiction over the matter. Federal courts have original jurisdiction where an action arises under federal law. 28 U.S.C. § 1331.

## IV. STATUTORY FRAMEWORK

3
NOTICE OF REMOVAL OF ACTION

**A.     FSHCAA Deemed Entity: 42 U.S.C. § 233**

*1.     Federal Tort Claims Act*

7. A federal district court has original jurisdiction over claims arising under the Federal Torts Claims Act ("FTCA"). *McDaniel v. Mylan Inc.*, Case No. 7:19-cv-00209-LSC, 2019 WL 1989234, at *3 (N.D. Ala. May 6, 2019). The Federally Supported Health Centers Assistance Act of 1992 (FSHCCA), 42 U.S.C. § 233(g)-(n), amended the Public Health Services Act ("PHSA"), 42 U.S.C. § 201 *et seq,* to provide that the FTCA is the exclusive remedy for all personal injury claims brought against Deemed Entities and their employees, officers, board members, etc. *Rosenblatt v. St. John's Episcopal Hosp.*, Case No. 11-CV-1106 (ERK) (CLP), 2012 WL 294518, at *4 (E.D.N.Y. Jan. 31, 2012).

8. "Specifically, the FSHCAA 'created a process by which "public and nonprofit private entities" receiving federal funds pursuant to 42 U.S.C. § 254b(c)(1)(A) "shall be deemed to be [employees] of the Public Health Service." 42 U.S.C. § 233(g)(1)(A).'" *Friedenberg v. Lane Cnty.*, Case No. 6:18-cv-00177-JR, 2018 WL 11352363, at *2 (D. Ore. May 23, 2018) (*quoting Lomando v. United States*, 667 F.3d 363, 371 (3d Cir. 2011)). Under § 233(a), the FTCA remedy applies to "damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions . . . ." 42 U.S.C. § 233(a). An "'entity receiving Federal funds under [42 U.S.C. § 254(b)]'" is deemed to be a PHS employee for purposes of such claims. *Rosenblatt*, 2012 WL 294518, at 4 (*quoting* 42 U.S.C. § 233(g)(4)). "[A]ny officer, governing board member, or employee of such an entity" is also included. 42 U.S.C. § 233(g)(1)(A). Claims concerning conduct or activities committed by deemed PHS employees while acting within the scope of their employment are covered by the FSHCAA. *Rosenblatt*, 2012 WL 294518, at *4 (*citing* 42 U.S.C. § 233(a)).

9. Accordingly, "both federally supported community health centers and their employees . . . are immunized from tort claims arising from medical care (within the course and scope of their employment), in that such claims can only be brought against the United States under the FTCA." *Huynh v. Sutter Health*, Case No. 2:20-cv-1757-MCE-CKD, 2021 WL 2268889, at *2 (E.D. Cal. June 3, 2021) (*citing* 42 U.S.C. § 233(a)). This immunity is absolute. *See Hui v. Castaneda*, 559 U.S. 799, 806 (2010) ("Section 233(a) grants absolute immunity to PHS officers and employees for actions arising out of the performance of medical or related functions within the scope of their employment by barring all actions against them for such conduct.")).

    **2.**    **FSHCAA "Deeming" Protection via HHS**

10. "'Pursuant to 42 U.S.C. § 233(g), HHS is authorized to "deem" federally funded health centers to be employees of the Public Health Service' and '[a]ny suit filed against an entity so deemed must be asserted pursuant to the FTCA.'" *Rosenblatt*, 2012 WL 294518, at *4 (*quoting A.Q.C. ex rel. Castillo v. Bronx–Lebanon Hosp. Ctr.*, No. 11 Civ. 2656, 2012 WL 170902, at *3 (S.D.N.Y. Jan. 20, 2012) (*citing* 42 U.S.C. § 233(a))). FSHCAA "deeming" protection is extended to "public or nonprofit private entities that receive certain federal health funds, submit an annual application to HHS, meet certain criteria, and obtain annual approval by the Secretary of HHS." *Friedenberg*, 2018 WL 11352363, at *2 (*citing* 42 U.S.C. § 233(g), (h)).

11. "The FSHCAA sets out detailed rules and procedures for 'deeming' an entity (i.e., health center) or individual to be a PHS employee. . . . [H]ealth centers apply to HHS annually for themselves and their employees, and HHS determines whether they are deemed to be an employee of the PHS." *Huynh*, 2021 WL 2268889, at *2 (*citing* 42 U.S.C. §§ 233(g)(1)(D)-(E)). "HHS advises the applicant of its determination in a 'deeming notice.'" *Huynh*, 2021 WL 2268889, at *2. HHS-approved "deeming" status applies to the upcoming calendar year. *See Friedenberg*, 2018 WL 11352363, at *2 (*citing* 42 U.S.C. § 233(g)(1)(A), (E)) ("Upon approval of the required application,

the Secretary of HHS 'deems' these entities and their employees to be employees of the PHS for the upcoming calendar year.").

12. After "HHS deems an entity or individual a Public Health Service employee, this determination 'shall be final and binding upon the Secretary and the Attorney General and other parties to any civil action or proceeding.'" *Rosenblatt*, 2012 WL 294518, at *4 (citing 42 U.S.C. § 233(g)(1)(F))). "Once deemed a PHS employee, the entity and covered individuals enjoy certain procedural protections in litigation." *Huynh*, 2021 WL 2268889, at *3.

13. On or about August 29, 2019, the HRSA issued a Deeming Notice confirming that Neighborhood is deemed to be a PHS employee for purposes of the FTCA and FSHCAA for the period January 1, 2020 through December 31, 2020. *See* Ex. B.

### 3. "Deemed" Entities' Right to Removal

14. A federally funded community health center facing a state court suit asserting claims that "fall under the FTCA through the FSHCAA" must notify the appropriate agency – in this case, HHS – of the filing of the action and provide a copy of the relevant pleadings. *See McDaniel*, 2019 WL 1989234, at *3; *Estate of Booker v. Greater Philadelphia Health Action, Inc.*, 10 F. Supp. 3d 656, 665 (E.D. Penn. 2014); 28 C.F.R. § 15.2. The agency is then directed to notify the United States Attorney for the district embracing the court in which the lawsuit was filed. 28 C.F.R. § 15.2.

15. Within 15 days after being notified that a complaint has been filed in state court against a Deemed Entity, the Attorney General "shall make an appearance in such court and advise such court as to whether the Secretary has determined under subsections (g) and (h), that such entity, officer, governing board member, employee, or contractor of the entity is deemed to be an employee of the Public Health Service for purposes of this section with respect to the actions or omissions that are the subject of such civil action or proceeding." 42 USC § 233(l)(1). In the event the Attorney General fails to appear in court within 15 days, "upon petition of any entity … named, the civil

6
NOTICE OF REMOVAL OF ACTION

action or proceeding shall be removed to the appropriate United States district court." 42 USC § 233(l)(2); *Friedenberg*, 2018 WL 11352363, at *2 ("[I]f the Attorney General or her designee 'fails to appear in State court within [the 15-day] time period,' the defendant[] may remove the case to the appropriate United States district court.").

16. Once the potential federal employee removes the action, the action 'is stayed until the district court conducts a hearing and makes a determination as to the appropriate forum for assertion of the claim.'" *McDaniel*, 2019 WL 1989234, at *3 (quoting *Allen v. Christenberry*, 327 F.3d 1290,1294 (11th Cir. 2003)).

B.     **Federal Officer Removal: 28 U.S.C. § 1442**

17. "[T]he Federal Officer Removal statute as set forth in 28 U.S.C. § 1442(a)(1), [ ] 'authorizes removal of a civil action brought against any person acting under an officer of the United States for or relating to any act under color of such office.'" *Kruse v. Actuant Corp.*, Case No. 2:19-cv-09540-ODW (RAOx), 2020 WL 3287883, at *3 (C.D. Cal. June 18, 2020) (quoting *Leite v. Crane Co.*, 749 F.3d 1117, 1120 (9th Cir. 2014)). "Unlike removal pursuant to 28 U.S.C. § 1441, the Supreme Court has 'mandated a generous interpretation of the federal officer removal statute.'" *Cratin v. Sandiford*, Case No. 14-CV-03374-LHK, 2014 WL 5454691, at *2 (N.D. Cal. Oct. 27, 2014) (quoting *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006)). "The right of removal under § 1442 is 'absolute.'" *Cratin*, 2014 WL 5454691, at *2 (*quoting Durham*, 445 F.3d at 1252. Therefore, as the U.S. Court of Appeals for the Ninth Circuit has stated, "[s]ection 1442 is to be 'interpreted broadly in favor of removal.'" *Perez v. Consol. Tribal Health Project*, Case No. 12-5403-SC, 2013 WL 1191242, at *2-3 (N.D. Cal. Mar. 21, 2013) (quoting *Durham*, 445 F.3d 1247 at 1252). Thus, Section 1442(a)(1) removal "is not subject to the well-pleaded complaint rule." *Kruse*, 2020 WL 3287883, at *3 (citing *Durham*, 445 F.3d at 1252).

18. Importantly, a defendant removing under Section 1442(a)(1) "may remove an entire action unilaterally, without the consent of other defendants." *Kruse*, 2020 WL 3287883, at *3 (*citing Durham*, 445 F.3d at 1252). Thus, unlike removal on the basis of diversity, a Deemed Entity need not include a statement in the Notice of Removal confirming the consent of other defendants or explaining their lack of consent. *Id.*

19. Furthermore, removal under § 233(*l*)(2) is not constrained by the usual 30-day time limit on removal, and may occur at any time prior to the trial of the action. *See Estate of Booker*, 10 F. Supp. 3d at 665 ("The fact that § 233(*l*)(2) was added to a statutory scheme in which suits against health centers were removable at any time before trial provides a basis to infer that Congress intended the same time frame to govern removals by the health centers themselves."); 28 U.S.C.A. § 2679(d)(1) ("shall be removed without bond at any time before trial….").

20. "A party seeking removal under section 1442 must demonstrate that (a) it is a 'person' within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) it can assert a 'colorable federal defense.'" *Perez*, 2013 WL 1191242, at *2. With respect to a "colorable" federal defense, "the removing defendant need not show that the defense is meritorious, but that there is a legitimate question of federal law to be decided regarding the validity of the defense." *Kruse*, 2020 WL 3287883, at *3 (*citing Mesa v. California*, 489 U.S. 121, 129 (1989)).

## V. FACTUAL AND LEGAL GROUNDS FOR REMOVAL

### A. Section 233(g) Immunity Extends to the Alleged Breach of Patient Confidentiality

21. Under § 233(a), immunity applies to "damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or *related functions* . . . ." 42 U.S.C. § 233(a) (emphasis added). Consistent with the foregoing, federal courts have long recognized that § 233(a) immunity "is not limited to claims for medical malpractice" and instead extends to claims

which arise from functions *related* to the provision of medical care. *Teresa T. v. Ragaglia*, 154 F. Supp. 2d 290, 299-300 (D. Conn. 2001). *See also Cuoco v. Moritsugu*, 222 F.3d 99, 108 (2d Cir. 2000) ("Cuoco asserts that § 233(a) provides immunity only from medical malpractice claims. But there is nothing in the language of § 233(a) to support that conclusion."); *Z.B. ex rel. Next Friend v. Ammonoosuc Cmty. Health Servs., Inc.*, Case No. CIV. 03-540 (NH), Civ. 04-34-P-S (ME), 2004 WL 1571988, at *3 (D. Me., June 13, 2004) (report and recommendation adopted *sub nom*. *Z.B. ex rel. Kilmer v. Ammonoosuc Cmty. Health Servs., Inc.*, Case No. CIV. 04-34-P-S, 2004 WL 1925538 (D. Me. Aug. 31, 2004) (holding that alleged failure to report domestic abuse in connection with home health visits subject to § 233(a) immunity as such "negligence is 'related to' the provision of medical services because the duty to report arises out of the employees' status as medical professionals."); *Pinzon v. Mendocino Coast Clinics Inc.*, Case No. 14-CV-05504-JST, 2015 WL 4967257, at *3 (N.D. Cal., Aug. 20, 2015) (holding that plaintiff's claims for violation of the Americans with Disabilities Act, the Civil Rights Act of 1964, and the Health Insurance Portability and Accountability Act of 1996 were covered by § 233(a) immunity because the remedy against the United States provided thereby is "'exclusive of any other civil action or proceeding by reason of the same subject-matter' against the employee").

22. As this Court has held, the term "related functions" as used in § 233(a) includes administrative or operational activities that relate to the provision of medical, dental, or surgical healthcare. *See, e.g., C. K. v. United States*, Case No. 19-CV-2492 TWR (RBB), 2020 WL 6684921, at *6 (S.D. Cal., Nov. 12, 2020) ("administrative or operational duties could qualify as related functions where they were connected to the provision of medical care").

23. Maintaining medical records for patients receiving health care and ensuring the confidentiality of such records is a core administrative and operational function of providing healthcare and is thus a "medical … or related function" within the meaning of 42 U.S.C. § 233(a).

Maintaining the confidentiality of health records is a legally mandated function of providing health care under both state and federal law. With respect to federal law, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") requires that healthcare providers maintain patient health records and disclose such records only with patient authorization (45 C.F.R. § 164.502) or "for treatment, payment, or health care operations" (45 C.F.R. § 164.506), and requires maintenance of administrative, physical, and technical safeguards for electronic patient health records to guard against unauthorized access or disclosure (45 C.F.R. § 164.302 et seq.). Likewise, the CMIA, the statute under which Plaintiff Doe sues here, requires that health care providers who maintain patient medical records take steps to ensure the confidentiality of such records and disclose them only for authorized purposes. Civ. Code §56.10, § 56.101. Furthermore, the statute which governs the federal health center program, and which renders health centers eligible for § 233(a) immunity, requires the center to have, among other things, "an ongoing quality improvement system that includes clinical services and management, and that maintains the confidentiality of patient records." 42 U.S.C. § 254b(b)(1)–(2), (k)(3)(C).

24. Consistent with the foregoing, federal courts have determined that § 233(a) immunity applies to alleged breaches of patient confidentiality, such as those alleged here. For example, in *Mele v. Hill Health Ctr.*, the district court held that allegations the defendant improperly disclosed the plaintiff's medical records in violation of medical confidentiality laws fell within the "related functions" covered by §233(a). Case No. 3:06CV455 (SRU), 2008 WL 160226, *2-4 (D. Conn., Jan. 8, 2008). As the court explained, the "claims concern the medical functions of providing treatment and the related function of ensuring the privacy of patient medical information. Thus, the claims are covered by section 233(a)." *Id.* at *3.

25. The court in *Kezer v. Penobscot Cmty. Health Ctr.,* Case No. 15-cv-225-JAW, 2019 BL 141566 (D. Me. Mar. 21, 2019), similarly held that an alleged breach of patient confidentiality

fell within the scope of § 233(a) immunity, as "the [p]laintiffs' claim arose when the [d]efendants, who are all medical providers, fa[iled] to comply with their ongoing professional duty to keep Ms. Kezer's medical records confidential while performing health care services." *Id.*, at *6. In *Kezer*, the court determined that courts must look to state law to determine whether an alleged breach of confidentiality by a medical professional is covered by § 233(a). Finding that a breach of patient confidentiality is among the class of cases considered medical negligence under state law, the court had no trouble concluding that plaintiff's claims were related functions covered by § 233(a). *Id.* Notably, this Court cited *Kezer* approvingly in rejecting the Department of Justice's argument that § 233(a) did not embrace a health center employee's alleged failure to report suspected sexual abuse. *See C.K.*, 2020 WL 6684921, at *6 ("As in *Kezer*, applicable state law supports a medical malpractice claim,….") (J. Robinson).

26. Other courts have likewise found that § 233 immunity applies to the alleged breaches of medical confidentiality. *See Logan v. St. Charles Health Council, Inc.*, Case No. 1:06CV00039, 2006 WL 1149214, at *1–3 (W.D. Va., May 1, 2006) (holding that FTCA embraces claims for breach of privacy statute, though § 233(a) did not apply in that case because plaintiff's claims implicated employer/employee relationship, rather than patient/medical professional relationship); *Roberson v. Greater Hudson Valley Family Health Ctr., Inc.*, Case No. 17-CV-7325 (NSR), 2018 WL 2976024, at *1 (S.D.N.Y. June 12, 2018) (claim alleging that employee of defendant inappropriately accessed plaintiff's medical records and disclosed information to people who knew plaintiff must be dismissed for failure to file administrative claim as required by FTCA).

**B.     The FAC Alleges that Neighborhood Negligently Allowed Access to Plaintiff's Medical Records in Violation of the CMIA**

27. The FAC alleges that "Plaintiff JANE DOE was a patient of, received medical treatment and diagnosis from, and provided her personal information, including her name, address, date of birth, social security number, phone number and email address to Defendant Neighborhood

Healthcare." FAC, ¶10. The FAC further alleges that "At all times relevant to this action, NH [Neighborhood] was and is a provider of health care, a contractor, and/or other authorized recipient of personal and confidential medical information, as that term is defined and set forth in the [Confidentiality of Medical Information] Act, including the names, addresses, dates of birth, diagnosis/treatment information and treatment cost information of Plaintiff and the SubClass (defined infra), and is subject to the requirements and mandates of the Act, including but not limited to Civil Code §§ 56.10, 56.101 and 56.36." FAC, ¶11.[1]

28. The FAC additionally alleges that a data breach of Netgain's servers occurred, allowing an unauthorized third party to gain access to medical files maintained by Neighborhood between October 22, 2020 and December 3, 2020. FAC, ¶¶10-13. The FAC goes on to allege that "[a]t all times relevant to this action, including the period from October 22, 2020 to December 3, 2020, Defendants negligently created, maintained, preserved, and/or stored Plaintiff's, the SubClass' and the Class' medical information, including Plaintiff's, the SubClass' and the Class' names, addresses, dates of birth, diagnosis/treatment information and treatment cost information, in electronic form, onto Defendants' computer networks in a manner that did not preserve the confidentiality of the information, and negligently failed to protect and preserve confidentiality of electronic medical information of Plaintiff, the SubClass and the Class in their possession, as required by HIPPA and the Act, and specifically, under Civil Code §§ 56.10(a), 56.26(a),

---

[1] The FAC further alleges: "At all times relevant to this action, including the period from October 22, 2020 to December 3, 2020, NH maintained and continues to maintain "medical information," within the meaning of Civil Code § 56.05(j), of Plaintiff and the SubClass, each of which are "patients" within the meaning of Civil Code § 56.05(k). At all times relevant to this action, including the period from October 22, 2020 to December 3, 2020, NH was and is a "provider of health care" within the meaning of Civil Code § 56.05(m). At all times relevant to this action, including the period from October 22, 2020 to December 3, 2020, Plaintiff and SubClass members were patients, within the meaning of Civil Code § 56.05(k)." FAC, ¶18.

56.36(e)(2)(E), 56.101(a), and 56.101(b)(1)(A), and according to their written representations to Plaintiff and the Class." FAC, ¶60.

29. The FAC asserts two causes of action against Neighborhood. The FAC alleges that Neighborhood violated Civ. Code § 56.10 and § 56.101 of the CMIA by disclosing Plaintiff's medical information without Plaintiff's authorization or an exemption, and negligently storing Plaintiff's medical information in such a way that it was accessed by an unauthorized third party. ¶¶93-104.  The FAC also asserts a claim under the Unfair Competition Law, Bus. & Prof. Code § 17200 *et seq.*, based upon the alleged violations of the CMIA.  FAC, ¶¶130-139.

30. California courts have made clear that the alleged failure of a healthcare provider to maintain the confidentiality of medical records in violation of §56.10 of the CMIA – the precise claim asserted here – constitutes a claim for professional negligence under California law.  *See, e.g., Francies v. Kapla*, 127 Cal. App. 4th 1381, 1386, fn. 11, (2005) as modified (Apr. 8, 2005) (holding that claim for unauthorized disclosure of medical records in violation of CMIA is subject to cap on noneconomic damages under Medical Injury Compensation Reform Act); Civ. Code, § 3333.2 (MICRA applies to "any action for injury against a health care provider based on professional negligence.").  Because the FAC alleges that Neighborhood negligently stored and/or shared Plaintiff's medical information, acquired in the course of the provider/patient relationship and in connection with the provision of healthcare services, in violation of  § 56.10 and § 56.101 of the CMIA, the he claims asserted against Neighborhood in fall squarely within the claims covered by § 233(g).

**B.     Federal Officer Removal: 28 U.S.C. § 1442**

31. In the instant matter, the three requirements for Federal Officer Removal under 42 U.S.C. § 1442 are met. *See Perez*, 2013 WL 1191242, at *2. First, as a non-profit public benefit corporation and community health center, Neighborhood is a "person" within the meaning of 28

U.S.C. § 1442(a)(1). *See Fung v. Abex Corp.*, 816 F. Supp. 569, 572 (N.D. Cal. 1992) (determining that a corporation can qualify as a "person" under § 1442(a)(1)).

32. Second, there is a causal nexus between Neighborhood's actions taken pursuant to a federal officer's directions and plaintiff's claims. Plaintiff alleges that, in violation of California state law, Neighborhood failed to ensure the confidentiality of her patient records—records that relate to and document the medical services she received from Neighborhood. "The FSHCAA was enacted in 1992 to reduce costs for health centers serving medically underserved populations." *Huynh*, 2021 WL 2268889, at *2 n.4. The HHS grant was issued to Neighborhood to support the provision of general health services, such as medical, dental, and behavioral health services to underserved communities, such as those provided to Plaintiff here. *See* Ex. 2, HRSA Deeming Notice; *Perez*, 2013 WL 1191242, at *3.

33. Third, Neighborhood asserts a "colorable federal defense" through, as set forth above, its assertion of § 233(a) immunity. *See e.g., Fung* (determining defendant "satisfied the final requirement of removal under § 1442(a)(1) by asserting the government contractor immunity as a colorable federal defense").

## VI. NOTIFICATION TO HHS AND US ATTORNEY

34. On August 18, 2021, Neighborhood notified HHS, as well as the Acting U.S. Attorney for the Southern District of California, of the State Court Action as required under HHS regulations and consistent with the HHS guidance. *See* Ex. 3. The U.S. Attorney has not appeared in the State Court Action within the 15-day limit of § 233(l)(1), which expired on September 3, 2021.

35. As a result, pursuant to § 233(l)(2), Neighborhood now removes this action to this Court. *Friedenberg*, 2018 WL 11352363, at *2 (*citing* 42 U.S.C. § 233(*l)(*2)) ("[I]f the Attorney

General or her designee 'fails to appear in State court within [the 15-day] time period,' the defendant[] may remove the case to the appropriate United States district court.").

36. Removal pursuant to 42 U.S.C. § 233(*l*)(2) may occur at any time prior to trial.[2] See *Estate of Booker*, 10 F. Supp. 3d at 665.  This Notice of Removal is therefore timely.

37. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed in the Superior Court of the State of California, County of San Diego, and served upon Plaintiff.

Dated:  September 8, 2021

Daniel T. Rockey
**BRYAN CAVE LEIGHTON PAISNER LLP**

By:    */s/ Daniel T. Rockey*
      Daniel T. Rockey

Attorneys for Defendant
Neighborhood Healthcare

---

[2] Given its August 18, 2021 FTCA Notice Letter, Neighborhood calculated the Attorney General's 15-day deadline as September 3, 2021. Given the court-observed Labor Day holiday on September 6, 2021, Neighborhood files its Notice of Removal on the business day immediately following.

# CERTIFICATE OF SERVICE

I am employed in the aforesaid County, State of California; I am over the age of eighteen years and not a party to the within entitled action; my business address is: Three Embarcadero Center, 7th Floor, San Francisco, CA 94111.

On September 9, 2021, I caused to be served on the interested parties in said action the within:

- **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331, 1442, 2679(d) AND 42 U.S.C. § 233(l)(2)**
- **CIVIL CASE COVER SHEET**
- **CORPORATE DISCLOSURE STATEMENT**

| Patrick N. Keegan, Esq.<br>**KEEGAN & BAKER, LLP**<br>2292 Faraday Avenue<br>Suite 100<br>Carlsbad, CA 92008<br>pkeegan@keeganbaker.com<br>*Attorneys for Plaintiff* | MICHAEL J. DAILEY<br>GORDON REES SCULLY MANSUKHANI<br>633 West Fifth Street, 52nd Floor<br>Los Angeles, CA 90071<br>D: 213-929-2418<br>*Counsel for* HEALTH CENTER PARTNERS OF SOUTHERN CALIFORNIA |
|---|---|

**[X] BY E-MAIL** – I caused a true copy of the foregoing document(s) to be served by electronic email transmission at the time shown on each transmission, to each interested party at the email address shown above. Each transmission was reported as complete and without error.

**[X] BY MAIL** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at **San Francisco,** California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on September 9, 2021, at San Francisco, California.



Bridgette Warren