**BRYAN CAVE LEIGHTON PAISNER LLP**
DANIEL T. ROCKEY (SBN 178604)
Email: daniel.rockey@bclplaw.com
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Telephone: (415) 675-3400
Facsimile: (415) 675-3434


Attorneys for Defendant
**NEIGHBORHOOD HEALTHCARE**

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NEIGHBORHOOD HEALTHCARE; HEALTH CENTER PARTNERS OF SOUTHERN CALIFORNIA; NETGAIN TECHNOLOGY, LLC; and DOE DEFENDANTS 1-100,<br><br>Defendants. | Case No.  3:21-cv-01587-BEN-RBB<br><br>**NOTICE OF MOTION AND MOTION FOR SUBSTITUTION OF THE UNITED STATES IN PLACE OF DEFENDANT NEIGHBORHOOD HEALTHCARE [42 U.S.C. § 233(l)(2)]**<br><br>Case Removed:  September 9, 2021<br>Complaint Filed:  June 8, 2021<br>Trial Date:  None Set |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, PARTIES OF RECORD, AND THE UNITED STATES ATTORNEY FOR THE SOUTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE THAT** on November 1, 2021, or as soon thereafter as the matter may be heard before the Hon. Roger T. Benitez in the United States District Court for the Southern District of California, Courtroom 5A, 221 West Broadway, San Diego, CA 92101, Defendant Neighborhood Healthcare

1

BRYAN CAVE LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111-4070

BRYAN CAVE LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111-4070

1  ("Neighborhood") will, and hereby does, move this Court for an order substituting

2  the United States in place of Neighborhood pursuant to 42 U.S.C. § 233(l)(2) and §

3  233(b).[1]  Neighborhood is a federally funded community health center and has been

4  deemed by the Health Resources and Services Administration ("HRSA") to be an

5  employee of the Public Health Service pursuant to § 233(g).  Neighborhood timely

6  provided notice of this action to the Health and Human Services Administration and

7  the United States Attorney for the Southern District of California. The United States

8  Attorney did not appear in the state court action within the statutorily prescribed 15

9  day period; entitling Neighborhood to remove the action to this Court pursuant to §

10  233(l)(2). Under Section 233(l)(2), this action "shall be stayed" until the Court

11  conducts a hearing and makes a determination concerning the application of the

12  immunity conferred by § 233(a).

13  By this motion, Neighborhood seeks a determination by this Court that the

14  action brought by Plaintiff Jane Doe ("Plaintiff") against Neighborhood seeks

15  damages for injury "resulting from the performance of medical, surgical, dental, or

16  related functions," [42 U.S.C. 233(a)], and an order directing that the United States

17  be substituted for Neighborhood pursuant to 42 U.S.C. § 233(g), (b) and (l).

18  This motion is timely, as the assertion of § 233(a) immunity may be made

19  "any time before trial." 42 U.S.C. § 233(c); 28 U.S.C. § 2679(d). The motion is

20  made based on the attached memorandum of points and authorities, the Declaration

21  of Rakesh Patel, the Declaration of Daniel Rockey, and accompanying exhibits, the

22  record in this action, and such other argument and evidence as may be presented at

23  the time of hearing.

24

25

26

27  _____
[1] All statutory references are to title 42 of the United States Code unless otherwise

28  specified.

NOTICE OF MOTION AND MOTION FOR SUBSITUTION OF THE UNITED STATES IN PLACE OF DEFENDANT
NEIGHBORHOOD HEALTHCARE [42 U.S.C. § 233(l)(2)]

Case No.  3:21-cv-01587-BEN-RBB

Dated:  September 30, 2021　　　**BRYAN CAVE  LEIGHTON PAISNER LLP**

By: _____

/s/ Daniel T. Rockey

Attorneys for Defendant

**NEIGHBORHOOD HEALTHCARE**

BRYAN CAVE LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111-4070

# TABLE OF CONTENTS

I.  INTRODUCTION ............................................................................................. 1

II. PROCEDURAL BACKGROUND ....................................................................... 3

  A.  Neighborhood Is a Non-Profit Community Health Center and Federal Grant Recipient ........................................................................................... 3

  B.  Plaintiff Alleges that Neighborhood Violated Its Statutory Duty to Safeguard Her Medical Information .......................................................................... 4

  C.  Notice of this Lawsuit Was Provided to HHS and the US Attorney ..................... 6

III. LEGAL ANALYSIS .......................................................................................... 7

  A.  "Deemed" Federally Supported Health Centers Are Immune from Suit under the Federal Tort Claims Act ...................................................................... 7
      1)  The Federally Supported Health Center Assistance Act ...................... 7
      2)  "Deeming" under the FSHCAA ......................................................... 8
      3)  Substitution of the United States for the Deemed Entity ..................... 9
      4)  Because Neighborhood Is A Deemed Entity, the Only Determination for the Court Here Is Whether Plaintiff's Claims Seek Damages Resulting from Medical or Related Functions ........................................ 11

  B.  Section 233(a) Immunity Applies to Any Claim, However Styled, which Seeks Damages Resulting from Medical or "Related Functions" ................................. 13
      1)  Section 233(a) Is Not Limited to Malpractice Claims ......................... 13

  C.  Because Plaintiff Seeks Damages Resulting from a Core, Statutorily Mandated Function of Providing Health Care, Section 233(a) Applies to Plaintiff's Claims ................................................................................................... 18

IV. CONCLUSION ................................................................................................ 22

BRYAN CAVE LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111-4070

NOTICE OF MOTION AND MOTION FOR SUBSITUTION OF THE UNITED STATES IN PLACE OF DEFENDANT
NEIGHBORHOOD HEALTHCARE [42 U.S.C. § 233(l)(2)]
Case No. 3:21-cv-01587-BEN-RBB

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allen v. Christenberry,*
    327 F.3d 1290,1294 (11th Cir. 2003) .................................................. 11

*Brignac v. United States,*
    239 F. Supp. 3d 1367, 1374 (N.D. Ga. 2017) at *8 ........................................... 16

*C. K. v. United States,*
    No. 19-CV-2492 TWR (RBB)) 2020 WL 6684921, at *4 ................. 1, 12, 15, 21

*Estate of Campbell by Campbell v. South Jersey Med. Ctr.,*
    732 Fed.Appx. 113 (3d Cir. 2018) ..................................................... 12

*A.Q.C. ex rel. Castillo v. Bronx–Lebanon Hosp. Ctr.,*
    No. 11 Civ. 2656, 2012 WL 170902 (S.D.N.Y. Jan. 20, 2012) .......................... 9

*Cuoco v. Moritsugu,*
    222 F.3d 99, 108 (2d Cir. 2000) ..................................................... 13, 14

*De La Cruz v. Graber,*
    No. CV 16-1294 VBF (AS)) 2017 WL 4277129 (C.D. Cal., June 15,
    2017) ................................................................................. 16

*Francies v. Kapla,*
    127 Cal. App. 4th 1381, 1386, fn. 11, (2005) *as modified* (Apr. 8,
    2005) ................................................................................. 22

*Friedenberg v. Lane Cnty.,*
    Case No. 6:18-cv-00177-JR, 2018 WL 11352363 (D. Ore. May 23,
    2018) .............................................................................*passim*

*Hui v. Castaneda,*
    559 U.S. 799 (2010) .................................................................... 8

*Huynh v. Sutter Health,*
    Case No. 2:20-cv-1757-MCE-CKD, 2021 WL 2268889 (E.D. Cal.
    June 3, 2021) .......................................................................... 9

BRYAN CAVE LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111-4070

NOTICE OF MOTION AND MOTION FOR SUBSITUTION OF THE UNITED STATES IN PLACE OF DEFENDANT
NEIGHBORHOOD HEALTHCARE [42 U.S.C. § 233(l)(2)]
Case No. 3:21-cv-01587-BEN-RBB

*Kezer v. Penobscot Community Health Center,*
   255-JAW, 2019 BL 141566 at *6 (D. Me. Mar. 21, 2019) ...................... 15, 16

*Z.B. ex rel. Kilmer v. Ammonoosuc Community Health Services, Inc.,*
   No. CIV. 04-34-P-S) 2004 WL 1925538 (D. Me., Aug. 31, 2004) .................. 13

*Logan v. St. Charles Health Council, Inc.,*
   Case No. 1:06CV00039, 2006 WL 1149214, at *1–3 (W.D. Va.,
   May 1, 2006)............................................................................................. 17, 18

*Lomando v. United States,*
   667 F.3d 363 (3d Cir. 2011) ........................................................................... 8

*McDaniel v. Mylan, Inc.,*
   Case No. 7:19-cv-00209-LSC, 2019 WL 1989234........................................ 11

*Mele v. Hill Health Ctr.,*
   Case No. 3:06CV455 (SRU), 2008 WL 160226, *2-4 (D. Conn.,
   Jan. 8, 2008)...................................................................................................... 17

*Z.B. ex rel. Next Friend v. Ammonoosuc Community Health Services,*
   *Inc.,*
   No. CIV. 03-540 (NH)) 2004 WL 1571988 (D. Me., June 13, 2004),
   at *2 ...................................................................................................... 13, 14, 21

*Pinzon v. Mendocino Coast Clinics Inc.,*
   Case No. 14-CV-05504-JST, 2015 WL 4967257 (N.D. Cal., Aug.
   20, 2015), at *3 ................................................................................................ 14

*Roberson v. Greater Hudson Valley Family Health Ctr., Inc.,*
   Case No. 17-CV-7325 (NSR), 2018 WL 2976024, at *3 (S.D.N.Y.
   June 12, 2018)................................................................................................... 18

*Rosenblatt v. St. John's Episcopal Hosp.,*
   Case No. 11-CV-1106 (ERK) (CLP), 2012 WL 294518 (E.D.N.Y.
   Jan. 31, 2012).........................................................................................8, 9, 10

*Smith v. Harbison,*
   446 F.Supp.3d 1331 (M.D. Ga. 2020)............................................................ 12

*Teresa T. v. Ragaglia,*
   154 F.Supp.2d 290 (D. Conn. 2001) ..................................................... 13, 14, 21

BRYAN CAVE LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111-4070

NOTICE OF MOTION AND MOTION FOR SUBSITUTION OF THE UNITED STATES IN PLACE OF DEFENDANT
NEIGHBORHOOD HEALTHCARE [42 U.S.C. § 233(l)(2)]

Case No.  3:21-cv-01587-BEN-RBB

## Statutes

28 U.S.C.A. § 1346(b)(1) ............................................................................ 4, 11, 22

38 U.S.C. § 7316(a)(1) ..................................................................................... 14

42 U.S.C. § 233 ............................................................................................. *passim*

42 U.S.C. §233(a) .......................................................................................... *passim*

42 U.S.C. § 233(b) ................................................................................................. 8

42 U.S.C. § 233(b), (c) ......................................................................................... 1

42 U.S.C. § 233(g) ............................................................................................. 4, 9

42 U.S.C. § 233(g)(1)(A) ..................................................................................... 8

42 U.S.C. § 233(g)(1)(A), (E) ........................................................................... 10

42 U.S.C. §§ 233(g)(1)(D)-(E) ............................................................................ 9

42 U.S.C. § 233(g)(1)(F) ............................................................................... 10, 12

42 U.S.C. § 233(g), (h) ......................................................................................... 9

42 U.S.C. §§ 233(g)(n .......................................................................................... 4

42 U.S.C. § 233(l)(1) ....................................................................................... 7, 11

42 U.S.C. § 233(l)(1), (2) ................................................................................... 11

42 U.S.C. § 233(l)(2) ................................................................................... 7, 11, 12

42 U.S.C. § 254b(c)(1)(A) .................................................................................... 8

42 U.S.C. § 254b(k)(3)(C) .................................................................................. 20

Cal. Civ. Code § 56.10 ...................................................................................... 6, 21

Civ. Code § 56.101 ............................................................................................ 6, 21

Civ. Code § 56.101(a) .......................................................................................... 21

Civ. Code, § 3333.2 ............................................................................................. 22

Civil Code §§ 56.10 and 56.101 ......................................................................... 21

NOTICE OF MOTION AND MOTION FOR SUBSITUTION OF THE UNITED STATES IN PLACE OF DEFENDANT
NEIGHBORHOOD HEALTHCARE [42 U.S.C. § 233(l)(2)]

Case No.  3:21-cv-01587-BEN-RBB

BRYAN CAVE LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111-4070

Civil Code §§ 56.10, 56.101 and 56.36 ...................................................5

Civil Code §§ 56.10(a), 56.26(a), 56.36(e)(2)(E), 56.101(a), and
    56.101(b)(1)(A) ..............................................................................6

Emergency Health Personnel Act of 1970, Pub. L. No. 91-623, § 4, 84
    Stat. 1868, 1870-71 (1970) ..........................................................7

Federally Supported Health Center Assistance Act ..........................*passim*

Public Health Service Act...............................................................1, 3, 4, 20

Unfair Competition Law, Bus. & Prof. Code § 17200 *et seq.*....................6

**Other Authorities**

28 C.F.R. § 15.2 ................................................................................10

42 C.F.R. § 51c.110, Subpart A....................................................21

45 C.F.R. § 160.103 ......................................................................20

(45 C.F.R. § 164.302 et seq.) .......................................................20

(45 C.F.R. § 164.502) ...................................................................20

(45 C.F.R. § 164.506) ...................................................................20

Fed. R. Evi. 201(b)(2) ...................................................................10

https://bphc.hrsa.gov/ftca/claimsfiling/healthcenterclaims.html.................7, 10

BRYAN CAVE LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111-4070

NOTICE OF MOTION AND MOTION FOR SUBSITUTION OF THE UNITED STATES IN PLACE OF DEFENDANT
NEIGHBORHOOD HEALTHCARE [42 U.S.C. § 233(l)(2)]
Case No. 3:21-cv-01587-BEN-RBB

# I. INTRODUCTION

Defendant Neighborhood Healthcare is a non-profit, federally funded community health center that provides medical, dental, and behavioral health services to medically underserved communities in San Diego and Riverside Counties. A federal grant recipient under the Public Health Service Act, Neighborhood applied for and received a determination from the Health Resources and Services Administration ("HRSA") that it is deemed to be an employee of the Public Health Service for purposes of federal tort claims immunity under the Federally Supported Health Centers Assistance Act of 1992 ("FSHCAA").

In enacting the FSHCAA, Congress made the policy determination that non-profit community health centers that receive federal funding should be immune from suit for claims seeking damages "resulting from the performance of medical, surgical, dental, or related functions"[2] in order to ensure that federal grant money goes to providing much needed healthcare to underserved communities, rather than costly liability insurance. Where the FSHCAA applies, plaintiff's sole remedy is against the United States and the United States shall be substituted into the action in place of the deemed entity. Because Plaintiff Jane Doe seeks damages resulting from the provision of medical care and related functions, and the United States has failed to appear despite receiving timely notice, Neighborhood now seeks a determination from this Court that the FSHCAA applies to Plaintiff's claims against Neighborhood, and an order substituting the United States in its place.

The complaint alleges that Plaintiff "was a patient of, received medical treatment and diagnosis from… Defendant Neighborhood Healthcare"[3] and that Neighborhood failed to ensure the confidentiality of her electronic medical records

---

[2] 42 U.S.C. §233(a).

[3] Declaration of Daniel Rockey in Support of Motion for Substitution ("Rockey Decl."), Ex. 2 (First Amended Class Action Complaint), ¶10.

1

NOTICE OF MOTION AND MOTION FOR SUBSITUTION OF THE UNITED STATES IN PLACE OF DEFENDANT
NEIGHBORHOOD HEALTHCARE [42 U.S.C. § 233(l)(2)]

Case No. 3:21-cv-01587-BEN-RBB

in violation of the Confidentiality of Medical Information Act ("CMIA"). Specifically, Plaintiff alleges that her medical records were impacted by a December 3, 2020, ransomware attack leveled against Neighborhood's former data hosting provider, Netgain, and that Neighborhood violated the CMIA by allowing an unauthorized third party to access her records.

As explained in the declaration of Neighborhood's CEO submitted herewith, maintenance of electronic medical records and application of appropriate access controls and security measures for such records are essential components of providing effective medical care to Neighborhood's patients. Indeed, state and federal law, including the very statute under which Plaintiff sues here, mandate that healthcare providers maintain electronic medical records, apply administrative, physical, and technical safeguards, and limit access to such records, except as authorized by the patient or for treatment, payment, or healthcare operations.

Because Plaintiff's claims seek damages resulting from the performance of functions which are essential to the delivery of healthcare services, and seek to hold Neighborhood liable for allegedly violating statutory duties imposed on Neighborhood in its capacity as a healthcare provider, those claims fall squarely within the plain language of the FSHCAA and are thus subject to the Federal Tort Claims Act. Although the particular application presented here – an alleged breach of confidentiality caused by a ransomware attack – is an issue of first impression, the courts have long made clear that FSHCAA immunity extends to *all* claims, however styled, which seek to hold the defendant liable for activities related to the delivery of healthcare. Consistent with this principle, federal district courts presented with the issue have uniformly determined that § 233(a) immunity applies to alleged breaches of patient confidentiality, such as the one alleged here. Thus, Neighborhood respectfully requests that this Court apply the plain language of §

substituted in place of Neighborhood in this action.

## II.    PROCEDURAL BACKGROUND

### A.    Neighborhood Is a Non-Profit Community Health Center and Federal Grant Recipient

Neighborhood is a private, non-profit benefit corporation and community health center that provides medical, dental, and behavioral health services to underserved communities in and around Escondido, California, where it is located. Declaration of Rakesh Patel in Support of Motion for Substitution ("Patel Decl."), ¶ 2. Neighborhood serves more than 350,000 medical, dental, and behavioral health visits from more than 75,000 people annually. *Id.*

As a non-profit community health organization, Neighborhood qualifies for federal grant funding made available to community health centers pursuant to the Public Health Service Act ("PHSA"), § 330 (42 U.S.C. 254b), funds from which are used to support Neighborhood's mission of providing high quality healthcare services to medically underserved communities. *Id.*, at ¶3. Pursuant to the PHSA grant program, on January 22, 2020, Neighborhood was awarded Grant No. H80CS00285, covering the budget period March 1, 2020 to February 28, 2021. *Id.* at ¶3; Ex. 1. As indicated in the Notice of Award, Grant No. H80CS00285 was approved for general funding purposes as part of Neighborhood's overall operations budget, which was approved as part of the grant award. *Id.* at ¶4; Ex. 1

As a federal grant recipient under the PHSA, Neighborhood is entitled under the Federally Supported Health Centers Assistance Act of 1992 ("FSHCAA") to apply to the Department of Health and Human Services("HHS") to be deemed a Public Health Service employee for purposes of Federal Tort Claims Act ("FTCA") immunity under 42 U.S.C. § 233(g). Patel Decl., ¶5. Neighborhood submitted an application to HHS for the calendar year 2020 and its application was approved. *Id.*

BRYAN CAVE LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111-4070

On or about August 29, 2019, the Secretary of the U.S. Department of Health and Human Services ("HHS"), through the Health Resources and Services Administration ("HRSA"), issued a "Notice of Deeming Action" providing:

> The Health Resources and Services Administration (HRSA), in accordance with the Federally Supported Health Centers Assistance Act (FSHCAA), as amended, sections 224(g)-(n) of the Public Health Service (PHS) Act, 42 U.S.C. §§ 233(g)-(n), deems NEIGHBORHOOD HEALTHCARE to be an employee of the PHS, for the purposes of section 224, effective 1/1/2020 through 12/31/2020.

*See* Patel Decl., ¶ 5; Ex. 2, p. 2. ("Deeming Notice"). The Notice of Deeming Action goes on to provide:

> Section 224(a) of the PHS Act provides liability protection under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2672, or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under the FTCA, for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by PHS employees while acting within the scope of such employment.

*Ibid.* As indicated in the Notice, Neighborhood was deemed to be a Public Health Service employee by virtue of its receipt of federal Public Health Service Grant No. H80CS00285. *Id.* at ¶6.

### B. Plaintiff Alleges that Neighborhood Violated Its Statutory Duty to Safeguard Her Medical Information

On June 8, 2021, Plaintiff Jane Doe commenced the instant action in the Superior Court of the State of California for the County of San Diego by filing a Complaint against Neighborhood, and co-defendants Health Center Partners of Southern California ("HCP"), and Netgain Technology, LLC (Netgain). Rockey Decl., Ex. 1. On September 8, 2021, Plaintiff filed a First Amended Class Action Complaint ("FAC"), by which Plaintiff deleted demonstrably erroneous allegations that Neighborhood shared Plaintiff's data with Netgain and HCP without a Business Associate Agreement. Rockey Decl., Ex. 2.

The FAC alleges that:

> Plaintiff JANE DOE was a patient of, received medical treatment and diagnosis from, and provided her personal information, including her name, address, date of birth, social security number, phone number and email address to Defendant Neighborhood Healthcare.

Rockey Decl., Ex. 2, ¶10. The FAC further alleges that Neighborhood "is a provider of health care… and is subject to the requirements and mandates of the [Confidentiality of Medical Information] Act, including but not limited to Civil Code §§ 56.10, 56.101 and 56.36." *Id.*, ¶11.

The FAC additionally alleges that on December 3, 2020, Netgain, Neighborhood's former data hosting provider, was the victim of a ransomware attack in which the attacker encrypted files hosted by Netgain. *Id.*, ¶ 3. On January 21, 2021, Netgain notified Neighborhood that certain files maintained on Neighborhood servers, but accessible through the Netgain environment, may have been accessed by the attacker. *Id.* Plaintiff was subsequently informed that the files impacted by the December 3 incident included her personal information, potentially including her name, date of birth, address, Social Security Number and information about care received from Neighborhood, such as insurance coverage information, the physician she saw, and treatment codes. *Id.*

The FAC goes on to allege that:

> At all times relevant to this action, including the period from October 22, 2020 to December 3, 2020, Defendants negligently created, maintained, preserved, and/or stored Plaintiff's… medical information, including Plaintiff's… name[], address[], date[] of birth, diagnosis/treatment information and treatment cost information, in electronic form, onto Defendants' computer networks in a manner that did not preserve the confidentiality of the information, and negligently failed to protect and preserve confidentiality of electronic medical information of Plaintiff…, as required by HIPPA and the [CMIA], and specifically, under Civil Code §§ 56.10(a), 56.26(a), 56.36(e)(2)(E), 56.101(a), and 56.101(b)(1)(A).

BRYAN CAVE LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111-4070

Rockey Decl., ¶60. Plaintiff asserts two causes of action against Neighborhood. It asserts a claim for violation of the CMIA, which alleges that Neighborhood:

> 1) violated Civ. Code § 56.10 of the CMIA by disclosing Plaintiff's medical information without Plaintiff's authorization or pursuant to an exemption; and
>
> 2) violated Civ. Code § 56.101 by negligently storing Plaintiff's medical information in such a way that it was accessed by an unauthorized third party.

*Id.*, ¶¶93-104. Plaintiff also asserts a claim under the Unfair Competition Law, Bus. & Prof. Code § 17200 *et seq.*, citing the alleged violations of the CMIA as predicate offenses. *Id.*, ¶¶130-139.

### C. Notice of this Lawsuit Was Provided to HHS and the US Attorney

On August 18, 2021, Neighborhood notified HHS, as well as the Acting U.S. Attorney for the Southern District of California, of the complaint filed against it as required by HHS regulations and consistent with HHS guidance.[4] Rockey Decl., Ex. C. The U.S. Attorney did not appear in the state court action within the 15-day limit set by 42 U.S.C. § 233(l)(1), which expired on September 3, 2021. *Id.*, ¶6. As a result, pursuant to § 233(l)(2), Neighborhood removed this action to this Court. Plaintiff's action is stayed by operation of law until a hearing is held on the instant motion. 42 U.S.C. § 233(l)(2) ("The civil action or proceeding shall be stayed in such court until such court conducts a hearing, and makes a determination, as to the appropriate forum or procedure for the assertion of the claim for damages.").

---

[4] Neighborhood requests, pursuant to Federal Rule of Evidence 201(b)(2), that the Court take judicial notice of HRSA Guidance, Claims Filing: Health Centers, found at https://bphc.hrsa.gov/ftca/claimsfiling/healthcenterclaims.html ("Should a plaintiff's attorney file actions against a deemed health center in state court, the health center should take the following steps:....") (date last visited: September 29, 2021).

NOTICE OF MOTION AND MOTION FOR SUBSITUTION OF THE UNITED STATES IN PLACE OF DEFENDANT
NEIGHBORHOOD HEALTHCARE [42 U.S.C. § 233(l)(2)]

Case No. 3:21-cv-01587-BEN-RBB

## III.    LEGAL ANALYSIS

### A.    "Deemed" Federally Supported Health Centers Are Immune from Suit under the Federal Tort Claims Act

#### 1)    The Federally Supported Health Center Assistance Act

The Emergency Health Personnel Act of 1970, Pub. L. No. 91-623, § 4, 84 Stat. 1868, 1870-71 (1970), codified at 42 U.S.C. § 233, provides that employees of the Public Health Service ("PHS") are immune from any civil action seeking damages "resulting from the performance of medical, surgical, dental, or related functions . . . ." 42 U.S.C. § 233(a). Section 233(a) establishes absolute immunity for PHS personnel by making the remedy for damages against the United States under the Federal Tort Claims Act ("FTCA") the exclusive remedy for such actions. *Id*.; *Rosenblatt v. St. John's Episcopal Hosp*., Case No. 11-CV-1106 (ERK) (CLP), 2012 WL 294518, at *4 (E.D.N.Y. Jan. 31, 2012). The Attorney General "shall defend" any civil action governed by § 233(a). 42 U.S.C. § 233(b).

Congress' purpose in enacting § 233(a) was to facilitate the provision of medical services in underserved communities by shielding PHS personnel from liability arising out of their medical and related duties. *See* H.R. REP. 102-823, 3, 1992 U.S.C.C.A.N. 2627, 0.  Without such protection, the cost of professional liability insurance would significantly impede or even make impossible the provision of affordable healthcare to such communities. *See* § 2, 84 Stat.; H.R. Rep. No. 1662, 91st Cong., 2d Sess. 1 (1970); 116 Cong. Rec. 42,543 (1970) (House sponsor explaining that PHS personnel "cannot afford to take out the customary liability insurance as most doctors do . . . because the low pay that so many of those who work in the [PHS] receive.").

The Federally Supported Health Centers Assistance Act of 1992 ("FSHCAA"), 42 U.S.C. § 233(g) *et seq.*, builds upon this Congressional objective by authorizing the Secretary of HHS to extend to certain federally-funded health

BRYAN CAVE LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA  94111-4070

BRYAN CAVE LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111-4070

centers and their officers, directors, and employees the same protection from suit that § 233(a) provides to PHS employees. The protection provided to such health centers and their personnel is a grant of "absolute immunity . . . for actions arising out of the performance of medical or related functions within the scope of their employment[,] by barring all actions against them for such conduct." *Hui v. Castaneda*, 559 U.S. 799, 806 (2010). Specifically, "the FSHCAA 'created a process by which "public and nonprofit private entities" receiving federal funds pursuant to 42 U.S.C. § 254b(c)(1)(A) "shall be deemed to be [employees] of the Public Health Service." 42 U.S.C. § 233(g)(1)(A); *Friedenberg*, 2018 WL 11352363, at *2 (*quoting Lomando v. United States*, 667 F.3d 363, 371 (3d Cir. 2011)). Thus, "both federally supported community health centers and their employees . . . are immunized from tort claims arising from medical care (within the course and scope of their employment), in that such claims can only be brought against the United States under the FTCA." *Huynh v. Sutter Health*, Case No. 2:20-cv-1757-MCE-CKD, 2021 WL 2268889, at *2 (E.D. Cal. June 3, 2021) (citing 42 U.S.C. § 233(a)). By conferring absolute immunity from any and all forms of civil action arising out of the performance of medical or related functions, the FSHCAA is designed to eliminate a federally-funded health center's need to purchase expensive private liability insurance and in so doing allows centers to devote a larger portion of their federal grant funds to patient services. *See* H.R. Rep. 102-823, pt. I, at 3 (1992).

### 2) "Deeming" under the FSHCAA

Pursuant to 42 U.S.C. § 233(g), HHS is authorized to deem federally funded health centers to be employees of the PHS and '[a]ny suit filed against an entity so deemed must be asserted pursuant to the FTCA.'" *Rosenblatt*, 2012 WL 294518, at *4, *quoting A.Q.C. ex rel. Castillo v. Bronx–Lebanon Hosp. Ctr.*, No. 11 Civ. 2656, 2012 WL 170902, at *3 (S.D.N.Y. Jan. 20, 2012) (citing 42 U.S.C. § 233(a))).

BRYAN CAVE LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111-4070

FSHCAA "deeming" protection is extended to "public or nonprofit private entities that receive certain federal health funds, submit an annual application to HHS, meet certain criteria, and obtain annual approval by the Secretary of HHS." *Friedenberg*, 2018 WL 11352363, at *2 (citing 42 U.S.C. § 233(g), (h)).

The FSHCAA "sets out detailed rules and procedures for 'deeming' an entity (i.e., health center) or individual to be a PHS employee." *Huynh*, 2021 WL 2268889, at *2. "[H]ealth centers apply to HHS annually for themselves and their employees, and HHS determines whether they are deemed to be an employee of the PHS." *Id.* (citing 42 U.S.C. §§ 233(g)(1)(D)-(E)). "HHS advises the applicant of its determination in a 'deeming notice.'" *Id.* When HHS makes a deeming determination, that determination covers the succeeding calendar year; after which the entity must reapply. *See Friedenberg*, 2018 WL 11352363, at *2 (citing 42 U.S.C. § 233(g)(1)(A), (E)) ("Upon approval of the required application, the Secretary of HHS 'deems' these entities and their employees to be employees of the PHS for the upcoming calendar year."). Once "HHS deems an entity or individual a Public Health Service employee, this determination 'shall be final and binding upon the Secretary and the Attorney General and other parties to any civil action or proceeding.'" *Rosenblatt*, 2012 WL 294518, at *4 (citing 42 U.S.C. § 233(g)(1)(F))).

### 3) Substitution of the United States for the Deemed Entity

If a "civil action or proceeding is brought for money damages for loss or damage to property, or personal injury" against a deemed entity, federal regulations require the entity to deliver to the "appropriate Federal agency" copies of all pleadings and process served in the action. 28 C.F.R. § 15.2. With respect to a federally-supported community health center, the appropriate federal agency is

HHS. *See* HRSA Guidance, Claims Filing: Health Centers.[5] If a complaint is filed against a deemed health center, the health center is instructed to notify the Office of the General Counsel of HHS. *Id.* Upon receiving notice, the agency is directed to notify the United States Attorney for the district embracing the court in which the lawsuit was filed. 28 C.F.R. § 15.2.

Within 15 days of receiving notice that a complaint has been filed in state court against a deemed entity, the Attorney General "shall make an appearance in such court and advise such court as to whether the Secretary has determined under subsections (g) and (h), that such entity, officer, governing board member, employee, or contractor of the entity is deemed to be an employee of the Public Health Service for purposes of this section with respect to the actions or omissions that are the subject of such civil action or proceeding." 42 USC § 233(l)(1). If the Attorney General fails to appear in state court within 15 days, "upon petition of any entity … named, the civil action or proceeding shall be removed to the appropriate United States district court." 42 USC § 233(l)(2); *Friedenberg*, 2018 WL 11352363, at *2. Once the deemed entity removes the action:

> The civil action or proceeding shall be stayed in such court until such court conducts a hearing, and makes a determination, as to the appropriate forum or procedure for the assertion of the claim for damages described in subsection (a) and issues an order consistent with such determination.

42 U.S.C. § 233(l)(2); *see also McDaniel v. Mylan, Inc.*, Case No. 7:19-cv-00209-LSC, 2019 WL 1989234, at *3 (action "is stayed until the district court conducts a hearing and makes a determination as to the appropriate forum for assertion of the claim.") (*quoting Allen v. Christenberry*, 327 F.3d 1290,1294 (11th Cir. 2003)).

---

[5] https://bphc.hrsa.gov/ftca/claimsfiling/healthcenterclaims.html (date last visited: September 29, 2021).

BRYAN CAVE LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111-4070

BRYAN CAVE LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111-4070

Because federal courts have *exclusive* jurisdiction over claims seeking money damages against the United States for loss of property or personal injury (28 U.S.C.A. § 1346(b)(1)), and because § 233(a) makes the FTCA remedy against the United States the exclusive remedy against "deemed entities," the decision regarding the proper forum under § 233(l)(2) necessarily requires the court to determine whether the defendant is a "deemed entity" and whether § 233(a) applies to the plaintiff's claims. 42 U.S.C. § 233(l)(1), (2). By allowing for removal to federal court and an automatic stay until a hearing is held, § 233(l)(2) provides a mechanism by which a deemed entity can ensure that the United States is properly substituted in as the defendant where the US Attorney has failed to act. *C. K. v. United States*, No. 19-CV-2492 TWR (RBB)) 2020 WL 6684921 (S.D. Cal., Nov. 12, 2020), at *4 (ordering substitution of United States for the defendant pursuant to § 233 over the objection of the US Attorney); *Estate of Campbell by Campbell v. South Jersey Med. Ctr.,* 732 Fed.Appx. 113, 117 (3d Cir. 2018) (Section 233(l)(2) hearing requires district court to "decide whether to remand the case or to substitute the United States as a party and deem the action as one brought under the FTCA."); *Smith v. Harbison,* 446 F.Supp.3d 1331, 1339 (M.D. Ga. 2020) (Section 233(l)(2) "requires the Court to hold a hearing and determine whether to (a) substitute the United States as a party and deem the action to be one brought under the FTCA or (b) decline to substitute the United States as a party and remand the action to state court.").

**4) Because Neighborhood Is A Deemed Entity, the Only Determination for the Court Here Is Whether Plaintiff's Claims Seek Damages Resulting from Medical or Related Functions**

Plaintiff's claims seek to hold Neighborhood liable in connection with an incident that began on October 22, 2020 and culminated on December 3, 2020. Rockey Decl., Ex. 2, ¶ 10. Neighborhood was deemed by HHS to be a PHS

NOTICE OF MOTION AND MOTION FOR SUBSITUTION OF THE UNITED STATES IN PLACE OF DEFENDANT
NEIGHBORHOOD HEALTHCARE [42 U.S.C. § 233(l)(2)]

Case No.  3:21-cv-01587-BEN-RBB

BRYAN CAVE LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111-4070

employee for calendar year 2020, encompassing the period relevant to Plaintiff's claims. Patel Decl., Ex. 2. HHS' Deeming Action is conclusive and binding on HHS, the Attorney General, and Plaintiff. 42 U.S.C. § 233(g)(1)(F) ("[T]he determination shall be final and binding upon the Secretary and the Attorney General and other parties to any civil action or proceeding."). As a result, the only task for the Court on this motion is to determine whether the Plaintiff's claims seek damages "resulting from the performance of medical, surgical, dental, or related functions" within the meaning of § 233(a). *Teresa T. v. Ragaglia,* 154 F.Supp.2d 290, 299 (D. Conn. 2001) (where HHS deemed health center to be a PHS employee, "issue for this court to determine is whether the injury for which the plaintiffs seek compensation resulted from the defendants' performance of medical or related functions…"); *Z.B. ex rel. Next Friend v. Ammonoosuc Community Health Services, Inc.,* No. CIV. 03-540 (NH)) 2004 WL 1571988 (D. Me., June 13, 2004), at *2, *report and recommendation adopted sub nom. Z.B. ex rel. Kilmer v. Ammonoosuc Community Health Services, Inc.*, No. CIV. 04-34-P-S) 2004 WL 1925538 (D. Me., Aug. 31, 2004) ("If a 'deemed' facility is sued for damages for personal injury arising out of its provision of services to patients within the "deemed" activities, section 233(a) provides the exclusive means to obtain relief.").

As explained below, because maintaining confidential patient medical records and controlling access to those records is an essential and statutorily-mandated function of providing competent medical care, claims alleging that a defendant allowed unauthorized access to such records fall squarely within the plain language of §233(a).

NOTICE OF MOTION AND MOTION FOR SUBSITUTION OF THE UNITED STATES IN PLACE OF DEFENDANT
NEIGHBORHOOD HEALTHCARE [42 U.S.C. § 233(l)(2)]
Case No. 3:21-cv-01587-BEN-RBB

**B.** **Section 233(a) Immunity Applies to Any Claim, However Styled, which Seeks Damages Resulting from Medical or "Related Functions"**

**1)** **Section 233(a) Is Not Limited to Malpractice Claims**

Although the immunity for federally funded community health centers under the FSHCAA is most often invoked in response to claims for medical malpractice, nothing in the language of § 233(a) so limits its scope, and the courts have made clear that it applies to ***any*** claim, however styled, which seeks damages "resulting from the performance of medical, surgical, dental, *or related functions*." 42 U.S.C. § 233(a) (emphasis added). In *Cuoco v. Moritsugu*, for example, the Second Circuit held that § 233(a) applied to a *Bivens* action alleging denial of plaintiff's constitutional rights, explaining:

> Cuoco asserts that § 233(a) provides immunity only from medical malpractice claims. But there is nothing in the language of § 233(a) to support that conclusion. When Congress has sought to limit immunity to medical malpractice claims it has done so explicitly.

222 F.3d 99, 108 (2d Cir. 2000) (citing 38 U.S.C. § 7316(a)(1), establishing exclusive remedy "for damages for personal injury ... allegedly arising from malpractice or negligence of a medical care employee" of the Veterans Health Administration.).

In *Teresa T.*, *supra*, plaintiff sued a community health center physician alleging that he violated a statutory duty to report suspected child abuse, and the defendant invoked § 233(a) immunity. 154 F. Supp. 2d at 298-300. The court rejected the plaintiff's argument that the FSHCAA did not apply to statutory violations such as the reporting duty at issue, emphasizing that "[t]here is nothing in the FSHCAA which limits the defendants' liability to actions in negligence only." *Id.*, at 299. In a further effort to avoid application of the FSHCAA, the plaintiff also argued that a statutory duty imposed on community members in various occupations, and not solely on medical professionals, could not possibly constitute a

BRYAN CAVE LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111-4070

"related function" for purposes of § 233(a). *Id.*, at 300. The court rejected that argument as well, holding that the duty to report domestic abuse is "imposed on doctors acting in their 'professional capacity'" and "is therefore a 'related function' to the doctor's performance of medical services, because it adds a required element to the doctor's evaluation of his patient." *Id.* at 300. *See also Z.B. ex rel. Next Friend*, 2004 WL 1571988, at *3 (alleged failure to report domestic abuse of patient's child during home visit by non-physician staff "'related to' the provision of medical services because the duty to report arises out of the employees' status as medical professionals."). Similarly, in *Pinzon v. Mendocino Coast Clinics Inc.*, Judge Tigar of the Northern District of California held that plaintiff's claims against a deemed health center for violation of the Americans with Disabilities Act, the Civil Rights Act of 1964, and the Health Insurance Portability and Accountability Act "involve 'the same subject-matter' as and 'aris[e] out of the performance of" dental or related functions, and therefore fall within the grant of immunity provided by sections 233(a) and (g)." Case No. 14-CV-05504-JST, 2015 WL 4967257 (N.D. Cal., Aug. 20, 2015), at *3. As the above cases make clear, the FSHCAA provides immunity from ***any*** cause of action which seeks to hold the defendant liable for activities related to the provision of medical care, even where those activities are performed by non-physician staff.

     The courts have similarly clarified that § 233(a) immunity extends to operational or administration functions of healthcare delivery, not merely those directly involved in patient care. For example, in *C. K.*, the United States took the position that claims leveled against a hospital administrator, rather than the patient's treating physician, were not covered by § 233(a), arguing that "'related functions' for purposes of Section 233 must be 'somehow related to a direct relationship between a health care provider and a patient.'" 2020 WL 6684921 at *6. In rejecting the argument, Judge Robinson of this Court held that "the immunity afforded by §

NOTICE OF MOTION AND MOTION FOR SUBSITUTION OF THE UNITED STATES IN PLACE OF DEFENDANT
NEIGHBORHOOD HEALTHCARE [42 U.S.C. § 233(l)(2)]

Case No. 3:21-cv-01587-BEN-RBB

BRYAN CAVE LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111-4070

233 is not as limited as ... the United States suggest[s,]" explaining that "administrative or operational duties could qualify as related functions where they were connected to the provision of medical care." *Id.*

Notably, in so holding, this Court relied upon the decision in *Kezer v. Penobscot Community Health Center*, in which the Court analyzed whether plaintiff's claims alleging defendants improperly accessed her confidential medical records in violation of HIPAA were covered claims for purposes of § 233(a). 15-cv-225-JAW, 2019 BL 141566 at *6 (D. Me. Mar. 21, 2019). In *Kezer*, plaintiff argued that "233(a) immunity applies only to 'medical malpractice' claims against medical providers involving improper medical treatment, not to a breach of the duty created by HIPPA to safeguard Ms. Kezer's medical records." *Id*. The United States also objected, contending that claims arising from a "quality assurance investigation independent of Ms. Kezer's medical care d[id] not qualify as a traditional medical malpractice action," and further arguing that claims arising from a "random records review performed to assess [Kezer's psychiatrist's] performance constitutes an operational, rather than a medical, purpose." *Id*. at *4. In rejecting these arguments, the *Kezer* court stated it could "find no caselaw, and the United States offers none, to support its contention that § 233 immunity is limited to claims arising from direct medical treatment, and that a quality assurance audit is not within the scope of the provision." *Id.*, at *8. Relying on *Brignac v. United States*, the district court noted that § 233(a) was found to include claims for negligent hiring and supervision because "hiring and retention of … physicians is directly connected to [the] provision of medical care." 239 F. Supp. 3d 1367, 1374 (N.D. Ga. 2017) at *8 (*quoting Brignac*). The court further noted that in *De La Cruz v. Graber*, it was held that claims for violation of plaintiff's civil rights and the Americans with Disabilities Act involved "related functions" because they concerned defendant's duties as a medical administrator. *Kezer*, at *8 (citing *De La Cruz v. Graber*, No.

NOTICE OF MOTION AND MOTION FOR SUBSITUTION OF THE UNITED STATES IN PLACE OF DEFENDANT
NEIGHBORHOOD HEALTHCARE [42 U.S.C. § 233(l)(2)]

Case No. 3:21-cv-01587-BEN-RBB

BRYAN CAVE LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111-4070

CV 16-1294 VBF (AS)) 2017 WL 4277129 (C.D. Cal., June 15, 2017), at *4, *report and recommendation adopted* (C.D. Cal., Sept. 21, 2017, No. LACV1601294VBFAS (2017 WL 4271122). Drawing from these and other authorities, the *Kezer* court had no trouble finding that an allegation that health center staff and administrators failed to secure the confidentiality of plaintiff's medical records in violation of HIPAA concerned medical or "related functions" and were therefore covered by the FSHCAA.

Similarly, in *Mele v. Hill Health Ctr.*, the district court held that allegations the defendant improperly disclosed plaintiff's medical records in violation of medical confidentiality laws fell within the "related functions" covered by §233(a). Case No. 3:06CV455 (SRU), 2008 WL 160226, *2-4 (D. Conn., Jan. 8, 2008). As the court explained:

> [Plaintiff] also alleges that, during the course of his treatment program, defendant Kalfaian improperly disclosed his medical information to St. Raphael's Hospital and to the A.P.T. Foundation, a substance abuse foundation in Connecticut. Those claims concern the medical functions of providing treatment and the related function of ensuring the privacy of patient medical information. Thus, the claims are covered by section 233(a).

*Mele*, 2008 WL 160226, at *3. Other courts have likewise found that § 233 immunity applies to alleged breaches of privacy. For example, in *Logan v. St. Charles Health Council, Inc.*, plaintiff, a physician, brought claims alleging violation of the Virginia privacy statute by a fellow physician. Case No. 1:06CV00039, 2006 WL 1149214, at *1–3 (W.D. Va., May 1, 2006). The court rejected Plaintiff's argument that the FSHCAA did not cover statutory privacy violations, explaining:

> I … find that neither the language of the statute nor the relevant case law support [a] construction limiting § 233 only to medical malpractice cases. In assessing the scope of the statute, I must not look beyond its plain language unless there is an ambiguity or a literal reading of the

NOTICE OF MOTION AND MOTION FOR SUBSITUTION OF THE UNITED STATES IN PLACE OF DEFENDANT
NEIGHBORHOOD HEALTHCARE [42 U.S.C. § 233(l)(2)]

Case No. 3:21-cv-01587-BEN-RBB

statute that contradicts the stated legislative intent. [citation]. Congress, in drafting the statute, failed to use plain language limiting the statute to medical malpractice suits; instead, the statute covers "damage for personal injury ... resulting from the performance of medical, surgical, dental, or related functions." [citation]. This may include suits by patients for injuries resulting from "medical functions" that are not tied specifically to patient care.

*Logan*, (W.D. Va., May 1, 2006, No. 1:06CV00039) 2006 WL 1149214, at *2. The court ultimately determined that the FSHCAA did not apply because plaintiff's claims arise "out of her status as an employee, and her employment relationship with the defendants, rather than as a patient." *Id.* That aspect of the decision is distinguishable here, however, as Plaintiff Doe's claims arise from her status as a Neighborhood patient.

In *Roberson v. Greater Hudson Valley Family Health Ctr., Inc.*, plaintiff brought claims alleging that an employee of defendant "impermissibly access[ed] Plaintiff's electronic medical records on several occasions, and disclos[ed] the protected health information to the employee's husband without Plaintiff's authorization," and accusing another "of likewise impermissibly accessing Plaintiff's electronic medical record in violation of the aforementioned privacy rules." Case No. 17-CV-7325 (NSR), 2018 WL 2976024, at *3 (S.D.N.Y. June 12, 2018). 2018 WL 2976024, at *3. The court determined the claims were subject to the FTCA and dismissed them because plaintiff failed to exhaust her administrative remedies by first filing a claim with HHS.

As the above decisions make clear, the plain language of § 233(a) embraces claims seeking to hold defendant liable for alleged breaches of patient confidentiality. As explained below, Plaintiff's claims here fall squarely within that plain language and the existing body of law applying it.

**C.** **Because Plaintiff Seeks Damages Resulting from a Core, Statutorily Mandated Function of Providing Health Care, Section 233(a) Applies to Plaintiff's Claims**

The reasoning adopted by the above courts applies with equal force here. As explained by Neighborhood's CEO, Rakesh Patel, maintaining electronic medical records is a core function of providing quality healthcare to Neighborhood patients. Patel Decl., ¶11. Maintaining current and accurate electronic medical records for each patient allows Neighborhood to ensure continuity of care over time and across the organization. *Id.* Neighborhood patients often make multiple visits over the course of a year (or years) and often see different healthcare professionals or staff with respect to a variety of different healthcare services or specialties. *Id.* Some patients may receive care at different clinic locations at different times. *Id.* It is important that each time a patient is seen at a Neighborhood clinic the healthcare provider and staff have access to the patient's current medical records, including their clinical history, prescription medications, and other important information concerning the patient that may impact the care provided to that patient. *Id.* As just one example, without a current and accurate clinical history and record of medications that the patient is taking, a physician would be unable to confidently evaluate whether a prescribed medication has a known drug interaction with a medication the patient is currently taking, or may be contraindicated for some other reason; potentially resulting in harm to the patient. *Id.* Thus, as Patel explains, "it is essential to the provision of quality medical care that healthcare providers, such as Neighborhood, maintain medical records for patients and have timely access to such records in providing patient care." *Id.*

Maintaining the security of electronic medical records and appropriately limiting access to such records is also an essential function of providing healthcare. Patel Decl., ¶ 12. This is so not only because patients reasonably expect that their medical records will be kept confidential and accessed only by those who need to

BRYAN CAVE LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111-4070

see them, but because various state and federal laws require that healthcare providers limit access to such records, except where the patient has authorized access or where the law otherwise authorizes the sharing of patient health information, such as for diagnosis or treatment, payment, or operations. *Id.* For example, HIPAA requires that healthcare providers maintain patient health records and disclose such records only with patient authorization (45 C.F.R. § 164.502) or "for treatment, payment, or health care operations" (45 C.F.R. § 164.506). HIPAA additionally requires healthcare providers to establish and maintain administrative, physical, and technical safeguards for electronic patient health records to guard against unauthorized access or disclosure (45 C.F.R. § 164.302 et seq.).[6] Indeed, the very federal statute governing the health center grant program pursuant to which Neighborhood has been designated a "deemed entity" -- § 330 of the Public Health Service Act -- ***expressly requires*** that any health center seeking a federal grant demonstrate that it has "an ongoing quality improvement system that includes clinical services and management, and ***that maintains the confidentiality of patient records***." 42 U.S.C. § 254b(k)(3)(C) (emphasis added). Federal regulations implementing the federal grant program further specify that any "community health center supported under this subpart must … Implement a system for maintaining the confidentiality of patient records in accordance with the requirements of § 51c.110 of subpart A." Section 51c.110 of Subpart A further requires that:

> All information as to personal facts and circumstances obtained by the project staff about recipients of services shall be held confidential, and shall not be divulged without the individual's consent except as may be required by law or as may be necessary to provide service to the individual or to provide for medical audits by the Secretary or his

---

[6] These statutory duties fall upon "covered entities," which includes a "health care provider who transmits any health information in electronic form in connection with a transaction covered by this subchapter." 45 C.F.R. § 160.103.

NOTICE OF MOTION AND MOTION FOR SUBSITUTION OF THE UNITED STATES IN PLACE OF DEFENDANT
NEIGHBORHOOD HEALTHCARE [42 U.S.C. § 233(I)(2)]

Case No. 3:21-cv-01587-BEN-RBB

BRYAN CAVE LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111-4070

BRYAN CAVE LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111-4070

designee with appropriate safeguards for confidentiality of patient records.

42 C.F.R. § 51c.110, Subpart A.

Perhaps more importantly here, the provisions of the CMIA under which Plaintiff Doe brings suit – Civil Code §§ 56.10 and 56.101 – impose duties upon "providers of healthcare" not to "disclose medical information regarding a patient of the provider of health care … without first obtaining an authorization" (§ 56.10), and to maintain medical information "in a manner that preserves the confidentiality of the information contained therein" (§ 56.101). Section 56.101 further provides that "[a]ny provider of health care … who negligently creates, maintains, preserves, stores, abandons, destroys, or disposes of medical information shall be subject to" statutory penalties. Civ. Code § 56.101(a). It thus beyond dispute that under both state and federal law, maintaining electronic health records, ensuring the confidentiality of such records, and appropriately administering access to them, is an indispensable function of providing medical care to patients of federally supported health centers, such as Neighborhood.

In accordance with its statutory obligations, Neighborhood limits access to patient records through the imposition of administrative and operational controls. Patel Decl., ¶12. Neighborhood also maintains administrative, physical, and technical safeguards for its electronic patient health records to guard against unauthorized access or disclosure. *Id.* In addition, Neighborhood requires appropriate contractual terms, such as a Business Associate Agreement, prior to sharing patient data with authorized third parties. *Id.* Without such measures, Neighborhood could not provide healthcare services in compliance with state or federal law. *Id*. Like the statutory duties at issue in *C.K.*, *Teresa T.*, *Z.B. ex rel. Next Friend*, *Kezer*, and *Mele,* the fact that Plaintiff seeks to hold Neighborhood liable for violating statutory obligations imposed on Neighborhood *in its capacity as a provider of medical services*, concerning a core function of providing such services,

20

BRYAN CAVE LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111-4070

is dispositive of the question of whether Plaintiff's claims concern "related functions" for purposes of § 233(a).

However, to the extent there remains any doubt that the claims asserted here fit comfortably within both the plain language and the intent of the FSHCAA, the courts have made clear that alleged breaches of the CMIA, such as those asserted here, are considered claims for professional medical negligence under California law. As the court in *Kezer* noted, "FTCA liability is determined 'in accordance with the law of the place where the act or omission occurred." *Kezer*, 2019 BL 141566 at *5 (quoting 28 U.S.C. § 1346(b)(1)). Courts therefore look to the relevant state's law to determine whether the claims concern functions related to medical care for purposes of § 233(a) immunity. *Id.* In *Kezer*, the court looked to Maine law, finding that the Maine Supreme Court had held that "a breach of confidentiality by a health care practitioner is well within the definition of professional negligence." *Id.* at *6. Here, Plaintiff sues under California law, and specifically the CMIA.

In *Francies v. Kapla*, the court of appeal held that plaintiff's claim for unauthorized disclosure of medical records in violation of the CMIA was subject to the cap on noneconomic damages under California's Medical Injury Compensation Reform Act ("MICRA")). 127 Cal. App. 4th 1381, 1386, fn. 11, (2005) *as modified* (Apr. 8, 2005). By its terms, MICRA applies to "any action for injury against a health care provider based on professional negligence." Civ. Code, § 3333.2. It is thus clear that under California law, an alleged violation of the CMIA is a claim for professional negligence by a healthcare provider. As a result, even if the FSHCAA was limited to medical malpractice claims – which, as the above cases amply demonstrate, it is not – Plaintiff's claims would nevertheless fall squarely within the language and purpose of the FSHCAA.

Neighborhood is a "deemed entity" and that determination is binding on all parties to this action. As demonstrated above, maintaining electronic medical records, controlling access to those records, and maintaining appropriate administrative, physical, and technical safeguards to guard against unauthorized access, are core functions of providing competent medical care and are statutorily mandated duties imposed on Neighborhood by virtue of its status as a provider of healthcare. Plaintiff's claims, which allege that Neighborhood failed in the execution of these core administrative functions, indisputably seek damages resulting from the performance of medical or related functions and are thus embraced by the FSHCAA. As a result, Neighborhood respectively requests that this Court apply the plain terms of § 233(a) and follow the unbroken line of authority referenced above, and issue an order substituting the United States in place of Neighborhood for all purposes in this action.

Dated: September 30, 2021     **BRYAN CAVE  LEIGHTON PAISNER LLP**

By: _____

/s/ Daniel T. Rockey
Attorneys for Defendant
**NEIGHBORHOOD HEALTHCARE**

BRYAN CAVE LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA  94111-4070

## <u>CERTIFICATE OF SERVICE</u>

I am employed in the aforesaid County, State of California; I am over the age of eighteen years and not a party to the within entitled action; my business address is:  Three Embarcadero Center, 7th Floor, San Francisco, CA 94111.

On September 30, 2021, I caused to be served on the interested parties in said action the within:

**NOTICE OF MOTION AND MOTION FOR SUBSTITUTION OF THE UNITED STATES IN PLACE OF DEFENDANT NEIGHBORHOOD HEALTHCARE [42 U.S.C. § 233(l)(2)]**

Patrick N. Keegan, Esq.
**KEEGAN & BAKER, LLP**
2292 Faraday Avenue
Suite 100
Carlsbad, CA 92008
pkeegan@keeganbaker.com
*Attorneys for Plaintiff*

MICHAEL J. DAILEY
GORDON REES SCULLY MANSUKHANI
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
D: 213-929-2418
mdailey@grsm.com
*Counsel for* HEALTH CENTER PARTNERS OF SOUTHERN CALIFORNIA

Randy S. Grossman
Acting United States Attorney
U.S. Attorney's Office Southern District of California
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Randy.Grossman@usdoj.gov

**[X] BY E-MAIL** – I caused a true copy of the foregoing document(s) to be served by electronic email transmission at the time shown on each transmission, to each interested party at the email address shown above.  Each transmission was reported as complete and without error.

**[X] BY MAIL** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully

prepaid at **San Francisco,** California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on September 30, 2021, at San Francisco, California.

Bridgette Warren

NOTICE OF MOTION AND MOTION FOR SUBSITUTION OF THE UNITED STATES IN PLACE OF DEFENDANT
NEIGHBORHOOD HEALTHCARE [42 U.S.C. § 233(l)(2)]

Case No. 3:21-cv-01587-BEN-RBB