

FILED

SEP 08 2022

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ggv DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NEIGHBORHOOD HEALTHCARE, a California corporation; HEALTH CENTER PARTNERS OF SOUTHERN CALIFORNIA, a nonprofit association; NETGAIN TECHNOLOGY, LLC, a Delaware limited liability company; and DOE DEFENDANTS 1-100,<br><br>Defendants. | Case No.: 3:21-cv-01587-BEN-RBB<br><br>**ORDER GRANTING MOTION FOR SUBSTITUTION OF THE UNITED STATES IN PLACE OF DEFENDANT NEIGHBORHOOD HEALTHCARE**<br><br>[ECF No. 3] |

## I. INTRODUCTION

Plaintiff Jane Doe,[1] individually and on behalf of all others similarly situated ("Plaintiff"), brings this action for violation of federal and state law related to an alleged data breach against Defendants Neighborhood Healthcare ("Neighborhood"), Health Center Partners of Southern California ("Health Center"), and Netgain Technology, LLC

---

[1] California statutory law specifically allows a party to bring a lawsuit using a pseudonym in cases involving health care patients. CAL. CIV. CODE § 3427.3.

("Netgain") (collectively, "Defendants"). ECF No. 1-2.

Before the Court is Defendant Neighborhood's Motion for Substitution of the United States in Place of Defendant Neighborhood Healthcare (the "Motion"). ECF No. 3. The Motion was submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1) and Rule 78(b) of the Federal Rules of Civil Procedure. ECF No. 8. After considering the papers submitted, supporting documentation, and applicable law, the Court **GRANTS** Neighborhood's Motion for Substitution.

## II. BACKGROUND

Plaintiff brings this class action lawsuit alleging state law violations of California's Confidentiality of Medical Information Act ("CMIA") relating to a data breach involving Plaintiff and Class members' medical and personal information. *See* CAL. CIV. CODE §§ 56, *et al.*

### A. Statement of Facts

Plaintiff "was a patient of, received medical treatment and diagnosis from, and provided her personal information, including her name, address, date of birth, social security number, phone number and email address to . . . Neighborhood." ECF No. 1-2 at 140–214 ("FAC") at 145,[2] ¶ 10. Plaintiff further alleges that Neighborhood maintains an online Patient Portal to allow patients to securely access and review their health information, as well as to update their personal information. *Id.* at 149, ¶ 18. At all relevant times, Neighborhood "maintained and continues to maintain 'medical information,' within the meaning of [CMIA]," and Plaintiff and the Class are "patients" under the Act. *Id.* at 150, ¶ 118. Plaintiff alleges that during the relevant timeframe, Neighborhood "was and is a provider of health care, a contractor, and/or other authorized recipient of personal and confidential medical information, as that term is defined and set forth in [CMIA] . . . ." *Id.* at 145, ¶ 11; 150, ¶ 118.

Plaintiff alleges that between October 22, 2020 to December 3, 2020 (the "requisite

---

[2] Unless otherwise indicated, all page number references are to the ECF-generated page number contained in the header of each ECF-filed document.

time period"), Defendants, including Neighborhood, failed "to properly maintain, preserve, and/or store confidential, medical and personal identifying information of Plaintiff and all other persons similarly situated which allowed an unauthorized person to gain access to" the information. *Id.* at 140–141, ¶ 1. Neighborhood's "negligent creation, maintenance, preservation and/or storage of . . . the medical information . . . constituted a disclosure in violation of . . . [CMIA]." *Id.* at 173–74, ¶¶ 96–98. Plaintiff maintains that she and the Class "have the right to expect that the confidentiality of their medical information in possession and/or derived from Defendants . . . be reasonably preserved and protected from unauthorized viewing, exfiltration, theft, and/or disclosures." *Id.* at 141, ¶ 1. Plaintiff alleges she and the Class "fear that disclosure and/or release of their medical information could subject them to harassment or abuse." *Id.* at 173, ¶ 95.

**B.    Procedural History**

On June 1, 2021, Plaintiff filed her initial class action lawsuit in state court for damages, restitution, and injunctive relief for violations of: (1) CMIA, California Civil Code sections 56, *et seq.*, against all Defendants; (2) California's Security Notification Laws, California Civil Code sections 1798.82 against Healthcare Partners; and (3) California's Unfair Competition Law, California Business & Professions Code sections 17200, *et seq.*, against all Defendants. *See generally* ECF No. 1-2 at 4–47 ("Compl."). On September 8, 2021, Plaintiff filed her First Amended Class Action Complaint alleging the same causes of action against the same Defendants. *See* FAC.

On September 9, 2021, Neighborhood removed the case to federal court based on federal question jurisdiction and a federal defendant. ECF No. 1 at 1. Neighborhood explained that it is immune from suit pursuant to 42 U.S.C. § 233(a) and that Plaintiff's exclusive remedy is against the United States under the Federal Torts Claim Act ("FTCA"). *See* 28 U.S.C §§ 1346(b), 2672. Neighborhood subsequently filed the instant Motion to Substitute the United States. ECF No. 3 ("Motion"). Plaintiff filed an Opposition and Neighborhood replied. ECF Nos. 4, 6. Plaintiff also filed objections to the Declaration of

Rakesh Patel, which was filed in support of Neighborhood's Motion[3] and Neighborhood responded. ECF Nos. 4-1, 7.

On October 26, 2021, The United States of America (the "United States") filed a Notice informing the Court that there was a pending determination being made by the United States Department of Health & Human Services ("HHS") pursuant to 42 U.S.C. § 233(l)(1) as to whether Neighborhood's status as a deemed PHS extends to the conduct involved in the instant litigation. ECF No. 9 at 2. Neighborhood filed a response to the Notice. ECF No. 10. On December 17, 2021, the United States filed a Statement of Interest setting forth its position regarding Neighborhood's Motion. ECF No. 12. On January 5, 2022, Neighborhood filed a Reply. ECF No. 14. Neighborhood subsequently filed two notices of authority, which provided recently decided district court decisions with facts analogous to the instant matter. ECF Nos. 16, 17.

## III. **LEGAL STANDARD**

"When federal employees are sued for damages for harms caused in the course of their employment, the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671–2680, generally authorizes substitution of the United States as the defendant." *Hui v. Castaneda*, 559 U.S. 799, 801 (2010). "On December 31, 1970, Congress enacted the Emergency Health Personnel Act of 1970, which 'grants absolute immunity to [U.S. Public Health Service ("PHS")] officers and employees for actions arising out of the performance of medical or related functions within the scope of their employment by barring all actions against them for such conduct.'" *C.K. v. United States*, No. 19-cv-02492-TWR-RBB, 2020 WL 6684921, at *3 (S.D. Cal. Nov. 12, 2020) (quoting *Hui*, 599 U.S. at 806)). During October 1992, Congress enacted the Federally Supported Health Centers Assistance Act (the "FSHCAA"), *see* 42 U.S.C. § 233(g), "which extends to certain entities and their employees that are 'deemed' to be PHS employees [for purposes of] the immunity provided

---

[3] The Court **OVERRULES** Plaintiff's objections to paragraphs 10, 11 and 12 of the Declaration of Rakesh Petal, ECF No. 4-1, because the Court finds these paragraphs unnecessary to resolve Neighborhood's Motion. *See infra* Part IV.B.

in Section 233(a)." *C.K.*, No. 19-cv-02492-TWR-RBB, 2020 WL 6684921, at *3 (citing 42 U.S.C. § 233(g)(1)(A)). To be covered under § 233(a), the claims must be "for damage for personal injury . . . resulting from the performance of medical, surgical, dental, or related functions . . . , by any . . . employee of the Public Health Service while acting within the scope of his office or employment . . . ." 42 U.S.C. § 233(a).

## IV. DISCUSSION

Neighborhood's Motion seeks to substitute the United States as a Defendant pursuant to § 233(a) and argues that the failure to protect Plaintiff's personal and medical information arises out of the performance of medical or related functions. *See generally* Motion. Plaintiff argues that to qualify under § 233(a), the specific claims must rise to the level of professional negligence and here, they do not. *See generally* ECF No. 4 ("Oppo."). The United States "declines" to be substituted in this case, arguing that Neighborhood did not properly serve the United States, that no grounds for removal exist, and that the claims must amount to malpractice to qualify under § 233(a). *See generally* ECF No. 12 ("SOI"). The Court finds that Neighborhood is immune from Plaintiff's claims pursuant to § 233(a) and substitutes the United States as a Defendant in this action.

### A. Procedural Issues

In the initial Notice filed by the United States, it argued that if HHS determines that Neighborhood's deemed status does not extend to the subject of Plaintiff's claims, "the United States Attorney's Office would not participate in the current litigation." ECF No. 9 at 3. Neighborhood responded that the power to determine whether the United States will defend the lawsuit is now with this Court. ECF No. 10 at 3. Neighborhood explained that although the Attorney General had the opportunity to act within fifteen days after being notified of the Complaint being filed in state court, the United States never appeared. *Id.* At that point, Neighborhood claims it was entitled to remove the suit to this Court and obtain a ruling as to whether the claims are covered by the FSHCAA. *Id.*

On December 17, 2021, the United States filed a Statement of Interest, in which it declined "to intervene in this case" and instructed that "the Court should remand the action

-5-

back to state court . . . ." ECF No 12 ("SOI") at 18. The Statement of Interest makes several procedural arguments urging the Court to deny Neighborhood's Motion to Substitute. The United States argues that the FSHCAA, specifically § 233(l)(2) does not authorize Neighborhood to compel substitution in this Court. SOI at 24. The United States compares 42 U.S.C. § 233(l)(2) to 28 U.S.C. § 2679(d)(3), arguing that § 2679(d)(3) clearly authorizes a defendant to move for substitution, where § 233(l)(2) does not. SOI at 25. The Statement of Interest goes on to distinguish the statutes, arguing that § 2679(d)(3) requires service of process, where § 233(l)(2) does not. SOI at 26. The United States also argues that it was "not properly served with a summons, complaint, or any other pleading to which it is required to respond" under the FSHCAA. SOI at 26. The United States claims that even if it was copied on a proof of service, Neighborhood failed to comply with Rule 4 of the Federal Rules of Civil Procedure respecting service of process, as required by 28 U.S.C. § 2679(d)(3). SOI at 26–27.

Finally, the United States argues that Neighborhood did not properly remove this case to federal court. First, it contends that no federal question jurisdiction exists, because the Complaint alleges only state law causes of action. *Id.* at 28. Second, the United States argues that removal is improper under 28 U.S.C. § 1442, because Neighborhood is only a PHS employee for purposes of § 233, and Neighborhood is not a person acting as a federal officer under 28 U.S.C. § 1442(a)(1). SOI at 28. Third, the United States argues that removal is improper under 28 U.S.C. § 2679(d), because: (1) this provision applies only to actual government employees and not those deemed employees under § 233; and (2) removal authority is proper only after the Attorney General refuses to issue a certification before a petition for certification can be filed. SOI at 28–29. The United States contends that such removal is at the Attorney General's discretion. *Id.* at 30. Although Plaintiff argues that Neighborhood's removal is inappropriate because § 233(a) immunity does not apply, Plaintiff does not appear to challenge the removal itself for purposes of the Court's determination under § 233(l)(2). *See* Oppo. at 7.

With respect to removal, § 233(l)(1) and (2) provide:

-6-

> If a civil action . . . is filed in State court against any entity described in subsection (g)(4) . . . . the Attorney General, within 15 days after being notified of such filing, shall make an appearance in such court and advise such court as to whether the Secretary has determined . . . that such entity . . . is deemed to be an employee of the Public Health Service for purposes of this section with respect to the actions or omissions that are the subject of such civil action or proceeding.

> If the Attorney General fails to appear in State court within the time period prescribed . . . upon petition of any entity . . . the civil action or proceeding shall be removed to the appropriate United States district court. The civil action or proceeding shall be stayed in such court until such court conducts a hearing, and makes a determination, as to the appropriate forum or procedure for the assertion of the claim for damages described in . . . [§ 233](a) and issues an order consistent with such determination.

Here, Neighborhood contends that after Plaintiff filed the initial lawsuit in state court, on August 18, 2021, Neighborhood mailed a letter and a copy of the pleadings to HHS notifying the agency. Declaration of Daniel T. Rockey, ECF No. 3-1 at 1–3 ("Rockey Decl."), at 2, ¶ 4; Ex. C to Rockey Decl. Neighborhood further maintains that it simultaneously sent a copy of the same by email to both HHS and the acting United States Attorney for the Southern District of the United States, Randy Grossman. Rockey Decl. at at 2–3, ¶¶ 4–5; Ex. D to Rockey Decl. The United States Attorney did not appear within the fifteen-day period set forth in § 233(l)(1), and Neighborhood removed the action after the period expired. Motion at 14. The United States does not appear to challenge these contentions[4] and instead, makes the above arguments that Neighborhood is not entitled to

---

[4] The United States claims that even if the email was sent, it would not effectuate service, implying that the email might not have been sent. However, the United States does not directly challenge this contention and Exhibits C and D attached to the Rockey Decl. supporting Neighborhood's Motion show otherwise. Regardless, however, Neighborhood was only required to send the summons and pleadings to HHS and in turn, HHS was to notify the United States. *See* 42 U.S.C. § 233(l); 28 C.F.R. § 15.2(b).

-7-

compel substitution and did not follow proper procedures in removing the action.

The Court disagrees with the argument that Neighborhood was required to formally serve the United States with the summons and pleading. In *C.K.*, the Court explained how the PHS employee in that case "forwarded copies of the pleadings to [HHS] upon learning of the First Amended Complaint and requested coverage under the Federal Torts Claims Act pursuant to . . . § 233(a)." *C. K. v. United States*, No. 19-cv-02492-TWR-RBB, 2020 WL 6684921, at *2 (S.D. Cal. Nov. 12, 2020). The United States subsequently denied a request for coverage alleging the claims at issue did not fall within the scope of § 233(a). *C.K.*, No. 19-cv-02492-TWR-RBB, 2020 WL 6684921, at *2. The PHS employee then filed a Motion seeking a determination as to whether the allegations arose from the "performance of medical or related functions as required for FTCA coverage under the FSHCAA . . . ." *Id.* Here, Neighborhood, like the PHS employee in *C.K.*, mailed and emailed a copy of the Complaint to HHS—the appropriate agency. ECF No. 14 at 11 (citing the obligation to do so under 28 C.F.R. § 15.2(b)). Neighborhood also simultaneously emailed a copy to both HHS and the United States. *Id.* There is nothing in the text of 42 U.S.C. § 233, 28 C.F.R. § 15.2(b), or in any cases cited by the United States that mandates the PHS employee to formally serve the United States pursuant to § 233. Neighborhood notified the appropriate agency, HHS, as required by § 233(l) and 28 C.F.R. § 15.2(b). There is no requirement that Neighborhood serve the United States as indicated in the Statement of Interest. In fact, there is no requirement that Neighborhood even email the United States.

In addition, several district courts have held that removal is proper under § 233(l)(2) for a determination under § 233(a), when the Attorney General does not appear within the prescribed fifteen-day period. *See Ford v. Sandhills Med. Found., Inc.*, No. 4:21-cv-02307-RBH, 2022 WL 1810614, at *2 (D. S.C. June 2, 2022) ("The Attorney General did not appear within fifteen days after being notified of the filing, and on July 26, 2021, Sandhills removed the case to this Court invoking, *inter alia*, both 42 U.S.C. § 233(*l*)(2) and 28 U.S.C. § 1442(a)(1) seeking substitution of the United States as the defendant.");

*Friedenberg v. Lane Cty.*, No. 6:18-cv-00177-JR, 2018 WL 11352363, at *2 (D. Or. May 23, 2018) (quoting § 233(l)(2) in stating that "if the Attorney General or her designee 'fails to appear in State court within [the 15-day] time period,' the defendants may remove the case to the appropriate United States district court."); *Smith v. Harbison*, 446 F. Supp. 3d 1331, 1335 (M.D. Ga. 2020) ("Here, it is undisputed that the Attorney General did not appear in the state court within fifteen days after receiving notice of the state court action against Defendants. Thus, § 233(*l*)(2) permits removal."). These cases also held that once removed, the district court determines whether substitution of the United States is appropriate. Given the plain language of § 233(l)(2), the Court finds these cases persuasive—if the Attorney General does not appear, the case may be removed to federal court. Removal is therefore permissible pursuant to 42 U.S.C. § 233(*l*)(2) and 28 U.S.C. § 1442(a)(1).

The Court further disagrees that there must be a certification by the Attorney General (or HHS for that matter)[5] regarding whether the claims fall within the scope of the deemed health center's employment. *See Hui v. Castaneda*, 559 U.S. 799, 811 (2010) ("[T]here is no reason to think that scope certification by the Attorney General is a prerequisite to immunity under § 233(a)."). "[I]mmunity is contingent upon the alleged misconduct having occurred in the course of the PHS defendant's duties, but a defendant may make that proof pursuant to the ordinary rules of evidence and procedure." *Id*. This proof is generally made "by a declaration affirming that the defendant was a PHS official during the relevant time period." *Id*. Here, Neighborhood provides the requisite declaration, along with Exhibits establishing Neighborhood as a deemed PHS employee, and neither Plaintiff nor the United States appear to challenge this evidence. Declaration of Rakesh Patel, ECF No. 3-2 ("Patel Decl.") at 2–3, ¶¶ 3–6; Exs. 1 and 2 to Patel Decl.

Finally, the United States' argument under *Williams*, that Neighborhood cannot

---

[5] The United States did not appear to follow up on HHS's pending determination mentioned it the United States initial Notice and filing in this Court. Even if it had, as discussed *infra*, the Court finds immunity pursuant to § 233(a). *See infra* Part IV.B.

remove this matter based on a federal defense, also fails. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 387 (1987). The case here is not being removed based only on a federal defense. The case was removed pursuant to § 233(l)(2) for purposes of § 233(a) immunity. If the Court were to find no immunity under § 233(a), the case would be remanded back to state court. However, the Court finds immunity as set forth below, meaning the exclusive remedy against Neighborhood is actually a claim under the FTCA against the United States, making removal and jurisdiction proper. Accordingly, the Court rejects the argument that removal is improper.

### B. Immunity Pursuant to § 233(a)

The parties appear to agree that Neighborhood was a PHS employee during the requisite time period.[6] However, Plaintiff and the United States dispute whether § 233(a) applies to the claims at issue. Neighborhood argues that § 233(a) applies to Plaintiff's claims, "because maintaining confidential patient medical records and controlling access to those records is an essential and statutorily-mandated function of providing competent medical care . . . ." Motion at 20. Neighborhood concedes that most claims under § 233(a) relate to medical malpractice but argues that the statutory language is broad and includes "any claim, however styled" so long as it "seeks damages 'resulting from the performance

---

[6] Neighborhood maintains it "is a private, non-profit benefit corporation and community health center" that qualifies for federal grant funding made available under the Public Health Service Act ("PHSA") § 330 (42 U.S.C. § 254b). Motion at 11. Neighborhood claims it received Grant No. H80CS00285 through the PHSA grant program on January 22, 2020, "covering the budget period March 1, 2020 to February 28, 2021." *Id.* The grant "was approved for general funding purposes as part of Neighborhood's overall operations budget . . . ." *Id.* Neighborhood contends that because it is a federal grant recipient under the PHSA, it applied to be a PHS employee for purposes of FTCA immunity under 42 U.S.C. § 233(b). *Id.* HHS approved Neighborhood's application for the 2020 calendar year. *Id.* HHS also, through the Health Resources and Services Administration ("HRSA") issued a Notice of Deeming Action, which provided that Neighborhood was an employee of PHS from January 1, 2020 through December 31, 2020. *Id.* at 12. Neighborhood attached evidentiary Exhibits supporting its contentions to the Patel Decl.

of medical, surgical, dental, or related functions.'" Motion at 21 (citing 42 U.S.C. § 233(a)). Neighborhood cites various cases to argue that "the FSHCAA provides immunity from any cause of action which seeks to hold the defendant liable for activities related to the provision of medical care, even where those activities are performed by non-physician staff." Motion at 22 (citations omitted). Neighborhood explains that § 233(a) immunity can extend to administrative or operational duties when related to patient care. *Id.* at 23.

Plaintiff argues that Neighborhood was required to show that California Civil Code section 3333.2 of California's Medical Injury Compensation Reform Act ("MICRA") applies to Plaintiff's CMIA claims by establishing that the claims amount to professional negligence. Oppo. at 10–12. Plaintiff explains that as conceded by Neighborhood, courts look to the relevant state law to determine whether the claims involve medical care or related functions under § 233(a). Plaintiff contends that Neighborhood fails to discuss any of the elements for professional negligence and that this alone allows the Court to deny Neighborhood's Motion. Oppo. at 11–12. Plaintiff contends that the claims cannot arise out of general negligence and instead, the claims must arise out of the rendering of professional services through the provision of medical services to patients. *Id.* at 12. Plaintiff further contends that the data breach and release of Plaintiff's confidential medical information occurred after the completion of Plaintiff's medical treatment, meaning it could not have occurred during the rendering of treatment for purposes of MICRA. *Id.* at 16–17. Plaintiff also argues Neighborhood's contention that § 233 is not limited to medical malpractice claims has no merit, because all cases cited by Neighborhood involve "general negligence claims and alleged negligent conduct that was a necessary predicate to plaintiff receiving medical care or that harmed the plaintiff." Oppo. at 19. Plaintiff argues that the facts here are distinguishable from those cases, because they all involve harms that either occurred or were triggered by medical care rendered in a professional capacity. *Id.* at 20.

The United States argues that Plaintiff's alleged injury did not result from medical malpractice as required by the FSHCAA, noting that the FSHCAA mentions malpractice explicitly throughout its text. SOI at 18. The United States also argues that the legislative

-11-

history and required reports show that in enacting the FSHCAA, Congress was concerned, exclusively, with malpractice liability. *Id.* at 18–19. The United States contends that Neighborhood is attempting "to drastically expand the class of claims encompassed within 42 U.S.C. § 233(a) by isolating two words, 'related functions,' and divorcing those generalized words both from their context and from the structure and history of the applicable statutes." SOI at 20. The United States argues that these general words must be construed to be similar in nature to the preceding and specific words medical, surgical, or dental. *Id.* The United States likens third-party data hacking to burglary and not medical malpractice. *Id.* at 21.

The Court rejects Plaintiff's argument that § 233(a) does not apply to the claims at issue because the alleged violations under CMIA supposedly do not constitute professional negligence under MICRA.[7] Neighborhood does not bear the burden of pleading the elements of professional negligence to show that MICRA applies to Plaintiff's CMIA claims—that is not the standard applicable to the Court's determination of immunity under § 233(a). The § 233(a) standard is whether the injury results from the performance of medical or related functions. Here, the Court finds that providing proper storage and security of Plaintiff's confidential health information is a function related to the medical care Plaintiff received.

Although this specific factual scenario is one of first impression in this Court, two decisions from the District of South Carolina held that § 233(a) immunity applied to nearly identical facts. In both cases (decided by the same judge), the plaintiffs alleged violations of state law against health centers resulting from data breaches involving confidential personal and medical information. *See Ford*, No. 4:21-cv-02307-RBH, 2022 WL 1810614, at *4–8; *Mixon v. CareSouth Carolina, Inc.*, No. 4:22-cv-00269-RBH, 2022 WL 1810615,

---

[7] Plaintiff and Neighborhood make several arguments respecting the holding in *Francies v. Kapla*, 127 Cal. App. 4th 1381, 1386 (2005), *as modified* (Apr. 8, 2005). However, this case does not analyze immunity under § 233(a) and is limited to a discussion of damages recoverable under MICRA for CMIA claims. The Court finds the analysis inapplicable to resolving the instant Motion.

at *6 (D. S.C. June 2, 2022). The health centers in *Ford* and *Mixon*, like Neighborhood, were statutorily mandated to preserve and store the requisite information. *Ford*, No. 4:21-cv-02307-RBH, 2022 WL 1810614, at *5; *Mixon*, No. 4:22-cv-00269-RBH, 2022 WL 1810615, at *4. Neither *Ford* nor *Mixon* discussed how or whether the claims involved allegations of professional negligence. Instead, the Court reviewed the allegations based on the standard set forth in § 233(a). When looking to the relevant state law, the Court held that the statutory duty strengthened the claim for immunity. *See Ford v. Sandhills Med. Found., Inc.*, No. 4:21-cv-02307-RBH, 2022 WL 1810614, at *5 ("The applicability of substitution of the United States and § 233(a) immunity is strengthened by Sandhills' statutory duty to maintain the confidentiality of patient records."); *Mixon*, No. 4:22-cv-00269-RBH, 2022 WL 1810615, at *4 (same); *see also C. K. v. United States*, No. 19-CV-2492 TWR (RBB), 2020 WL 6684921, at *6 (S.D. Cal. Nov. 12, 2020) (finding § 233(a) immunity where a physician failed to report alleged sexual abuse pursuant to her statutory duty).

*Ford* and *Mixon* determined the failures by the health centers to maintain the confidential nature of the records constituted a medical or related function for purposes of § 233(a), reasoning that "Courts have found . . . immunity where 'job functions ... are "interwoven" with providing medical care.'" *Ford*, No. 4:21-cv-02307-RBH, 2022 WL 1810614, at *5 (quoting *Goss v. United States*, 353 F. Supp. 3d 878, 886 (D. Ariz. 2018) (collecting cases)); *Mixon*, No. 4:22-cv-00269-RBH, 2022 WL 1810615, at *4 (quoting *Goss v. United States*, 353 F. Supp. 3d 878, 886 (D. Ariz. 2018) (collecting cases)). *Ford* and *Mixon* also pointed out that to qualify as a deemed PHS employee, the health center must "have an ongoing quality improvement system that includes clinical services and management, and *that maintains the confidentiality of patient records.*" *Ford*, No. 4:21-cv-02307-RBH, 2022 WL 1810614, at *5 (quoting 42 U.S.C. § 254b(k)(3)(C)); *Mixon*, No. 4:22-cv-00269-RBH, 2022 WL 1810615, at *4 (quoting 42 U.S.C. § 254b(k)(3)(C)).

Although *Ford* and *Mixon* are not binding precedent, this Court finds the reasoning in those cases persuasive and consistent with long-standing principles regarding the

-13-

protection of health information. *See, e.g.*, 65 FR 82462-01 ("The need for privacy of health information, in particular, has long been recognized as critical to the delivery of needed medical care."). Although Neighborhood's failure to maintain and protect the confidential information from unauthorized access was not done in the actual rendering of medical treatment, it is a related function because maintaining confidential personal and health information is necessary to effectively treat patients.[8] Courts have further held that § 233(a) immunity is applicable to non-physician and non-nursing staff. *See Dawson v. Williams*, No. 04 CIV. 1834 (NRB), 2005 WL 475587, at *9 (S.D.N.Y. Feb. 28, 2005) (administrator who did not provide medical care to patients was immune for purposes of § 233(a)); *Mele v. Hill Health Ctr.*, 609 F. Supp. 2d 248, 256 (D. Conn. 2009) ("Section 233(a), however, is not restricted to physicians and nurses.").

The Court also finds the reasoning in *Ford* and *Mixon* consistent with other language in § 233. For example, one qualification for designating a PHS employee, is that the health center "has implemented appropriate policies and procedures to reduce the risk of malpractice and the risk of lawsuits arising out of any health or health-related functions performed by the entity . . . ." 42 U.S.C. § 233(h)(1). The language separates malpractice lawsuits from health and health-related function lawsuits, indicating that in enacting § 233, Congress anticipated lawsuits for more than just malpractice. This language supports a broader interpretation than that set forth by Plaintiff and the United States. Courts have also held that § 233(a) is not strictly limited to medical malpractice claims. *See, e.g., Cuoco v. Moritsugu*, 222 F.3d 99, 108 (2d Cir. 2000) (holding "there is nothing in the language of § 233(a) to support th[e] conclusion" that § 233(a) provides immunity only from medical

---

[8] The Court also rejects Plaintiff's argument that § 233(a) does not apply, because the confidential information was breached after Plaintiff received treatment. Even though California courts have held that disclosure of health information "was not a necessary predicate to [a plaintiff] receiving medical care," it does not mean that properly preserving health information is not related to medical care. *See Holly v. Alta Newport Hosp., Inc.*, No. 219-cv-074960-DWM-RWx, 2020 WL 1853308, at *5 (C.D. Cal. Apr. 10, 2020). A function related to medical treatment can occur subsequent to the treatment itself.

-14-

malpractice claims, and explaining that "[w]hen Congress has sought to limit immunity to medical malpractice claims it has done so explicitly.").

The Court finds that several cases support the notion that a range of conduct may result in immunity, so long as the underlying claims relate to medical care as set forth in § 233(a). *See Kezer v. Penobscot Cmty. Health Ctr.*, No. 1:15-cv-00225-JAW, 2019 BL 141566, 2019 WL 141566 (D. Me. Mar. 21, 2019) (finding § 233(a) immunity where employees of a health center gained unauthorized access to the plaintiff's confidential counseling records); *Houck v. United States*, No. 1:19-cv-02038-JMC, 2020 WL 7769772, at *3 (D. S.C. Dec. 30, 2020) (finding § 233(a) immunity where a health center's duty to review and verify professional credentials, references, and otherwise—pursuant to 42 U.S.C. § 233(h)—was "inextricably woven" into provisions of medical care) (citations omitted); *Brignac v. United States*, 239 F. Supp. 3d 1367, 1377 (N.D. Ga. 2017) (finding § 233(a) immunity, because the plaintiff's "negligent hiring and retention claim is a 'related function' to the provision of medical services. . . ."). Accordingly, the Court concludes Neighborhood's alleged failure to protect Plaintiff's confidential personal and medical information constitutes a related function to the provision of Plaintiff's medical care.

## V. CONCLUSION

For the above reasons, the Court **GRANTS** Neighborhood's Motion and **SUBSTITUTES** the United States as a Defendant in this action pursuant to 42 U.S.C. § 233(a).

**IT IS SO ORDERED.**

DATED: September 8, 2022

HON. ROGER T. BENITEZ
United States District Judge