RANDY S. GROSSMAN
United States Attorney
STEVE B. CHU
Assistant U.S. Attorney
California State Bar No.: 221177
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Telephone: (619) 546-7167
Facsimile: (619) 546-7751
Email: steve.chu@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NEIGHBORHOOD HEALTHCARE; HEALTH CENTER PARTNERS OF SOUTHERN CALIFORNIA; NETGAIN TECHNOLOGY, LLC; and DOE DEFENDANTS 1-100,<br><br>Defendant. | Case No.: 21-CV-1587-BEN (RBB)<br><br>DEFENDANT THE UNITED STATES' MOTION TO DISMISS<br><br>Date:   December 12, 2022<br>Time:   10:30 am<br>Court:  Hon. Roger T. Benitez<br><br>Fed. R. Civ. P. 12(b)(1); 12(b)(6)<br><br>[NO ORAL ARGUMENT PURSUANT TO LOCAL RULE UNLESS REQUESTED BY COURT] |

## **MOTION**

The United States of America moves for dismissal because Plaintiff failed to exhaust her administrative remedies.  The Court therefore lacks subject matter jurisdiction.

I

**INTRODUCTION**

Plaintiff brought this matter as a class action seeking damages arising from a data breach involving the alleged theft of her personal medical information.  Following some litigation, the Court ruled that this case is subject to the Federally Supported Health Centers Assistance Act (the "FSHCAA"), 42 U.S.C. § 233(a) because it involves conduct that arises from the performance of medical or related functions. (Docket Entry # 19 at pgs. 12-13.)

Defendant Neighborhood Healthcare ("NH") was a federally supported community health clinic during the relevant times and therefore receives tort protection under the Federal Tort Claims Act, 28 U.S.C. §§ 1342; 2670-2680 ("FTCA").  NH received this federal support through the Department of Health and Human Services ("HHS").  Accordingly, this is a medical malpractice action under the FTCA.  However, Plaintiff's case must be dismissed for lack of subject matter jurisdiction because she failed to exhaust her administrative remedies.

II

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed suit against NH, and Netgain Technology.  (Docket Entry #1).  Plaintiff alleges that Defendants failed to properly create, maintain, preserve, and/or store confidential, medical and personal identifying information on Plaintiff, and on all other persons similarly situated.  (Docket Entry #1 at p.4, Complaint at ¶ 1.)  Plaintiff alleges that at least one unauthorized person gained access to the information, thereby violating several statutes.  (*Id.*)  Plaintiff alleges that on or about April 12, 2021, NH sent her a form letter informing her of "a recent data security incident experienced by Netgain Technology, LLC, the IT service provider for Health Center Partners of Southern California."  (Complaint at ¶ 69.)

2

21-CV-1587

1    According to Netgain, in late September 2020, an unauthorized third party gained

2    access to Netgain's digital environment, and between October 22, 2020 and December

3    3, 2020, the unauthorized third party obtained certain files containing confidential data

4    on NH patients.  (Complaint at ¶ 69.)  Netgain stated that it had paid an undisclosed

5    amount to the cyber attacker in exchange for assurances that the attacker will delete all

6    copies of this data and that it will not publish, sell, or otherwise disclose the data.  (*Id.*)

7    The data in question varied depending upon the individual, but may include information

8    such as the person's name, address, date of birth, diagnosis/treatment information, and

9    treatment cost information.  (*Id.*)

10   Plaintiff alleges that to date, Netgain has not offered any monetary compensation

11   for the unauthorized disclosure and/or release of Plaintiff's electronic medical

12   information.  (Complaint at ¶ 74.)  Plaintiff seeks to bring this case as a class action

13   lawsuit.  (Complaint at ¶ 80.)

14   Plaintiff filed the Complaint in San Diego Superior Court on June 1, 2021.

15   (Complaint at p.1.)  On September 9, 2021, counsel for NH removed this case to federal

16   court, and then moved to substitute the United States in place of NH.  (Docket Entry

17   #1.)    That motion was briefed, and the Court granted NH's motion on

18   September 8, 2022.

19   NH and its employees have been eligible for FTCA protection since January 1,

20   2020, and its coverage has continued without interruption since that time.  (Declaration

21   of Meredith Torres at ¶ 5.)  However, HHS has not received any administrative tort

22   claim from Plaintiff on this action.  (Declaration of Meredith Torres at ¶¶ 2-5.)

### III

### LEGAL ARGUMENT

**A.    THIS CASE SHOULD BE DISMISSED BECAUSE THE COURT LACKS JURISDICTION**

27   Plaintiff's failure to file an administrative claim with the appropriate agency prior

28   to bringing this action in federal court provides immediate grounds for dismissal.

3

21-CV-1587

1   Federal sovereign immunity insulates the United States from suit "in the absence of an

2   express waiver of this immunity by Congress." *Robinson v. United States*, 586 F.3d

3   683, 685 (9th Cir. 2009). The United States' sovereign immunity also extends to federal

4   agencies and to federal officials sued in their official capacities. *Gilbert v. DaGrossa*,

5   756 F.2d 1455, 1458 (9th Cir. 1985). The FTCA provides a limited waiver of sovereign

6   immunity that allows a party to sue the United States for certain common law torts if

7   the alleged torts were caused by a federal agency or employee. 28 U.S.C. § 2679.

8       Any FTCA lawsuit must be brought in strict compliance with the provisions of

9   the FTCA, which specifies the terms, conditions, and extent of this limited waiver of

10  sovereign immunity. *Lehner v. United States*, 685 F.2d 1187, 1189 (9th Cir. 1982);

11  *Caidin v. United States*, 564 F.2d 284, 286 (9th Cir. 1977). A federal court's jurisdiction

12  to entertain FTCA actions is limited by the specific terms of that Act. *Warren v. United*

13  *States Department of the Interior*, 724 F.2d 776, 777 (9th Cir. 1984).

14      The FTCA requires a prospective claimant to file an administrative claim with

15  the agency whose employees alleged conduct caused the asserted tort, as a predicate to

16  filing a lawsuit. 28 U.S.C. § 2675. Failure to file the requisite administrative claim

17  bars a federal district court from obtaining the jurisdiction to decide a party's claim. *Id.*;

18  *Holloman v. Watt*, 708 F.2d 1399, 1402 (9th Cir. 1983). "Exhaustion of the claims

19  procedures established under the Act is a prerequisite to district court jurisdiction."

20  *Johnson v. United States*, 704 F.2d 1431, 1442 (9th Cir. 1983).

21      In this case the Plaintiff never filed an administrative tort claim with HHS prior

22  to filing her Complaint. (Declaration of Meredith Torres at ¶¶ 2-5.) As the filing of

23  an administrative claim is a jurisdictional prerequisite to pursuing an FTCA claim in

24  federal court, Plaintiff's Complaint must be dismissed. 28 U.S.C. § 2675; *Sameena v.*

25  *Air Force*, 147 F.3d 1148, 1153 (9th Cir. 1998).

26  / / /

27  / / /

28

4

21-CV-1587

IV

**CONCLUSION**

For the foregoing reasons, Defendant the United States respectfully requests that the Court dismiss this case without prejudice.

DATED:     November 7, 2022                    Respectfully submitted,

RANDY S. GROSSMAN
United States Attorney


 s/ Steve B. Chu

STEVE B. CHU
Assistant United States Attorney
Attorneys for the United States

5

21-CV-1587