UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NETGAIN TECHNOLOGY, LLC; UNITED STATES OF AMERICA; and DOE DEFENDANTS 1-100,<br><br>Defendants. | Case No.: 3:21-cv-01587-BEN-DDL<br><br>**ORDER:**<br><br>**(1) DISMISSING DEFENDANT THE UNITED STATES OF AMERICA WITHOUT PREJUDICE; and**<br><br>**(2) REMANDING THE REMAINING CLAIMS TO STATE COURT**<br><br>**[ECF Nos. 23, 27]** |

## I.   INTRODUCTION

Plaintiff Jane Doe,[1] individually and on behalf of all others similarly situated ("Plaintiff"), brings this action for violation of federal and state law related to an alleged data breach against Defendants Netgain Technology, LLC ("Netgain") and the United States of America ("United States") (collectively, "Defendants"). Before the Court is: (1) Plaintiff and the United States' Joint Motion to Dismiss the United States, ECF No. 27; (2) the United States' Motion to Dismiss, ECF No. 23; and (3) Plaintiff's request to remand to

---

[1]   California statutory law specifically allows a party to bring a lawsuit using a pseudonym in cases involving health care patients. CAL. CIV. CODE § 3427.3.

-1-

state court the remaining state law claims. The United States' Motion to Dismiss was submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1) and Rule 78(b) of the Federal Rules of Civil Procedure. ECF No. 25. After considering the papers submitted, supporting documentation, and applicable law, the Court: (1) **GRANTS** the parties' Joint Motion to Dismiss the United States *without prejudice*; (2) **DENIES** as moot the United States' Motion to Dismiss; and (3) **REMANDS** to state court the remaining claims lodged against Netgain.

## II.  BACKGROUND

Plaintiff brings this class action lawsuit alleging state law violations of California's Confidentiality of Medical Information Act ("CMIA") relating to a data breach involving Plaintiff and Class members' medical and personal information. *See* Cal. Civ. Code §§ 56, *et al.*

### A.  Statement of Facts[2]

Plaintiff "was a patient of, received medical treatment and diagnosis from, and provided her personal information, including her name, address, date of birth, social security number, phone number and email address to . . . Neighborhood."[3] ECF No. 1-2 at 140–196 ("FAC") at 145,[4] ¶ 10. Plaintiff alleges that Neighborhood maintains an online Patient Portal to allow patients to securely access and review their health information, as well as to update their personal information. *Id.* at 149, ¶ 18. At all relevant times, Neighborhood "maintained and continues to maintain 'medical information,' within the meaning of [CMIA] . . . ." *Id.* at 150, ¶ 118.

---

[2] The majority of the facts set forth are taken from the FAC and for purposes of ruling on the instant Motion to Dismiss, the Court assumes the truth of the allegations pled and liberally construes all allegations in favor of the non-moving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

[3] The United States was substituted for Neighborhood Healthcare ("Neighborhood) as a Defendant in this case on September 8, 2022, but Neighborhood is the Defendant referred to in the FAC and Statement of Facts. *See* ECF No. 19.

[4] Unless otherwise indicated, all page number references are to the ECF-generated page number contained in the header of each ECF-filed document.

Plaintiff alleges that between October 22, 2020 and December 3, 2020, Defendants failed "to properly maintain, preserve, and/or store confidential, medical and personal identifying information of Plaintiff and all other persons similarly situated which allowed an unauthorized person to gain access to" the information. *Id.* at 140–141, ¶ 1. Neighborhood and Netgain's "negligent creation, maintenance, preservation and/or storage of . . . the medical information . . . constituted a disclosure in violation of . . . [CMIA]." *Id.* at 173–74, ¶¶ 96–98; 178, ¶¶ 118–20. Plaintiff maintains that she and the Class "have the right to expect that the confidentiality of their medical information in possession and/or derived from Defendants . . . be reasonably preserved and protected from unauthorized viewing, exfiltration, theft, and/or disclosures." *Id.* at 141, ¶ 1. Plaintiff alleges she and the Class "fear that disclosure and/or release of their medical information could subject them to harassment or abuse." *Id.* at 173, ¶ 95.

### B. Procedural History

On June 1, 2021, Plaintiff filed her initial class action lawsuit in state court against Defendants Neighborhood, Netgain, and Health Center Partners of Southern California ("Health Center Partners"). *See generally* ECF No. 1-2 at 4–47. Specifically, Plaintiff's Complaint sought damages, restitution, and injunctive relief for violations of: (1) CMIA, California Civil Code sections 56, *et seq.*, against all Defendants; (2) California's Security Notification Laws, California Civil Code section 1798.82, against Health Center Partners; and (3) California's Unfair Competition Law, California Business & Professions Code sections 17200, *et seq.*, against all Defendants. *See id.* On September 8, 2021, Plaintiff filed her First Amended Class Action Complaint alleging the same causes of action against the same Defendants. *See generally* FAC.

On September 9, 2021, Neighborhood removed this case to federal court based on federal question jurisdiction and a federal defendant. ECF No. 1 at 1. Neighborhood argued that it was immune from suit pursuant to 42 U.S.C. § 233(a) and that Plaintiff's exclusive remedy was against the United States under the Federal Tort Claims Act ("FTCA"). *See* 28 U.S.C §§ 1346(b), 2672. Neighborhood subsequently filed a Motion to

Substitute the United States as a Defendant, and on September 8, 2022, the Court granted Neighborhood's Motion and substituted the United States as a Defendant in place of Neighborhood. *See* ECF Nos. 3, 19. On September 9, 2022 Plaintiff voluntarily dismissed Defendant Health Center Partners, leaving the United States and Netgain as the only remaining Defendants in this litigation.

On November 7, 2022, the United States filed the instant Motion to Dismiss. ECF No. 23 ("Motion"). On November 28, 2022, Plaintiff filed an Opposition to the Motion to Dismiss. ECF No. 24 ("Oppo."). The United States did not file a reply. On May 1, 2023, Plaintiff and the United States filed a Joint Motion to Dismiss the United States from this action *without prejudice*. ECF No. 27.

### III. DISCUSSION

The United States' original Motion to Dismiss argues that this Court lacks federal jurisdiction, because Plaintiff failed to exhaust her administrative remedies pursuant to the FTCA. *See generally* Motion. Plaintiff's Opposition concedes that she did not exhaust her administrative remedies but requests that if the Court dismisses the case, it do so *without prejudice*. *See generally* Oppo. Plaintiff further requests that the remaining state law claims against Netgain be remanded to state court. *See id*. Plaintiff and the United States subsequently filed a Joint Motion asking the Court to dismiss the United States from this litigation *without prejudice*. ECF No. 27.

#### A. Dismissal of the United States

Because the parties now agree to a dismissal of the United States *without prejudice*, the United States' original Motion to Dismiss, *see* ECF No. 23, is **DENIED** as moot. The parties' Joint Motion seeking dismissal of the United States, *see* ECF No. 27, is **GRANTED**. Accordingly, pursuant to the parties' Joint Motion, the United States is **DISMISSED** *without prejudice*.

#### B. Remand

Generally, when all federal claims are dismissed in an action that also presents state law claims, a federal court may decline to exercise supplemental jurisdiction over the

remaining state law claims. 28 U.S.C. § 1367. A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary. *Carlsbad Tech., Inc. v. HIF BIO, Inc.*, 556 U.S. 635, 639 (2009) (citations omitted). Here, the Court has dismissed the claims against the United States. Remaining in the litigation, however, are state law claims made against Netgain. Plaintiff moves to remand the case back to state court, because there is no federal question jurisdiction over Netgain.[5] Oppo. at 11–12.

When a case is removed based upon the Attorney General's Westfall Act certification, 28 U.S.C. § 2679(d)(2) "renders the federal court exclusively competent and categorically precludes a remand to state court." *Osborn v. Haley*, 549 U.S. 225, 243 (2007). "[T]here is nothing equivocal about the Act's provision that once a state court action has been removed to a federal court after certification by the Attorney General, it may never be remanded to the state system." *Martinez v. Lamagno*, 515 U.S. 417, 440 (1995) (Souter, J., dissenting). However, in *Osborn*, the Supreme Court distinguished between cases where the Attorney General issues a certification (finding exclusive federal jurisdiction) and cases where no certification is issued (allowing for remand). *Osborn*, 549 U.S. at 241–42.

Here, although the Court substituted the United States as a Defendant pursuant to the FTCA, it did so without a formal certification from the Attorney General. Therefore, removal was not based on section 2679(d)(2), and nothing in the record indicates that the Attorney General ever issued a Westfall Act certification. As such, exclusive jurisdiction has not been established for purposes of section 2679(d)(2). Because the Court has discretion to remand this litigation and no party opposes remand, the remaining claims lodged against Netgain are **REMANDED** to the Superior Court of California, County of San Diego.

///

---

[5] There also appears to be no diversity jurisdiction over the parties, because Plaintiff resides in California and Netgain's principal place of business is located in California.

## IV. CONCLUSION

For the above reasons, the Court **ORDERS** the following:

1. Plaintiff and the United States' Joint Motion to Dismiss, *see* ECF No. 27, is **GRANTED**. The claims against the United States are **DISMISSED** *without prejudice*. The United States' Motion to Dismiss, *see* ECF No. 23, is **DENIED** as moot.

2. The remaining state law claims lodged against Netgain are **REMANDED** to the Superior Court of California, County of San Diego.

**IT IS SO ORDERED.**

DATED:   May 3, 2023

_____
**HON. ROGER T. BENITEZ**
United States District Judge